Sonny H. DICKERSON, Plaintiff,

v.

EASTMAN KODAK COMPANY, d/b/a
Carolina Eastman Company,
Defendant.

Civ. A. No. 82–2657–15.

United States District Court,
D. South Carolina,
Columbia Division.

July 8, 1983.

Paul J. Kamber, Columbia, S.C., for plaintiff.

Sue C. Erwin, Columbia, S.C., Charles R. Martin, Kingsport, Tenn., for defendant.

## ORDER

HAMILTON, District Judge.

The plaintiff, Sonny H. Dickerson, has brought this action against the defendant, Eastman Kodak Company, d/b/a Carolina Eastman Company, alleging that he sustained injuries when he was knocked down and run over by a lift truck negligently operated by employees of the defendant acting within the scope of their employment. The plaintiff seeks actual and punitive damages. Before the court for ruling at this time are cross-motions for summary judgment. Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." The defendant has moved for summary judgment on the second defense asserted in its answer contending that the plaintiff, at the time of his alleged injury, was a statutory employee of the defendant under Section 42–1–400 of the Code of Laws of South Carolina 1976, as amended (hereinafter "S.C.Code") and therefore the plaintiff's exclusive remedy

lies under the South Carolina Workmen's Compensation Law and jurisdiction over this matter is vested solely in the South Carolina Industrial Commission. The plaintiff has moved for partial summary judgment as to the defendant's second defense arguing that, at the time of the alleged accident, neither Blalock Truck Line, Inc., the plaintiff's employer, nor the plaintiff was engaged in the trade, business or occupation of the defendant and, therefore, Section 42–1–400 of the S.C.Code is inapplicable.[1]

In the case of *Walker v. United States Gypsum Co.,* 270 F.2d 857, 860–61 (4th Cir. 1959), the Fourth Circuit Court of Appeals stated that the matter of employment status, and whether jurisdiction lies with the Industrial Commission or the courts is a question:

Peculiarly appropriate for summary judgment when there is no genuinely disputed issue of fact. The parties should not be put to a long and expensive trial only to have the court discover at the end that the case should have been brought in another tribunal. Nor should the parties and the public suffer delay and dislocation which necessarily follow if crowded jury trial dockets are burdened with cases in which there is no triable issue. Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A., is designed to insure that they need not.

Since the material facts pertinent to the pending motions are not in dispute, the court believes that the instant action falls within that category of disputes envisioned by the *Walker* case.

The event giving rise to this action occurred on April 27, 1981, at the Carolina Eastman plant located in Calhoun County, South Carolina. (Affidavit of Doris D. Culler, shipping warehouse supervisor of Carolina Eastman Company at its Calhoun County plant). The plaintiff, a truck driver employed by Blalock Truck Line, Inc., was picking up a load of yarn at the defendant's plant for delivery to port in Charleston, South Carolina, some 90 to 100 miles away. (Affidavit of Culler, *supra* and affidavit of Tom McNamara, terminal manager for Blalock Truck Line, Inc.). As the defendant's employees finished loading his truck, the plaintiff, who was walking through the warehouse toward the shipping office to pick up shipping documents, was allegedly knocked down and injured by a lift truck being operated by one of the defendant's employees. (Affidavit of Culler, *supra* ).

Based on these factual circumstances, the defendant contends that the plaintiff Dickerson at the time of the alleged injury was engaged in work which was part of Carolina Eastman Company's trade and business since "the very nature of the work of Carolina Eastman's manufacturing plant in Calhoun County, that of manufacturing its products for sale to its customers, requires transportation of those products to its markets." Defendant's Memorandum in Support of Motion for Summary Judgment at 13–14. The plaintiff takes issue with this argument and submits that the transportation and shipment of defendant's products by Blalock Truck Line, Inc., and the plaintiff is not part of the trade and business of the defendant but is merely incidental and ancillary thereto. The resolution of these cross-motions involves the issue of the plaintiff's employment status at the time of the accident. If the plaintiff was a "statutory employee" of the defendant under Section 42–1–400 of the S.C.Code, his exclusive remedy would be under the South Carolina Workmen's Compensation Act and a com-

---

1. By way of his motion for partial summary judgment and the supporting memorandum of authorities, the plaintiff had also contended that the provisions of Section 42–1–400 were inapplicable because he was an independent contractor and not a "workman" within the meaning of the statute. The plaintiff had argued that Section 42–1–400 does not apply when subcontractors or independent contractors are injured, but applies only when *employ-ees* of the subcontractor or independent contractor are injured. However, at the hearing on these motions, the attorney for the plaintiff abandoned this argument, candidly acknowledging that he was estopped from asserting this position since the plaintiff Dickerson had earlier filed a workmen's compensation claim, as employee, against Blalock Truck Line, Inc., as employer, and had received benefits.

mon law action against the defendant would be barred by Section 42–1–540. Section 42–1–400 provides in pertinent part:

When any person, ... referred to as 'owner,' undertakes to perform or execute any work which is a part of his trade, business, or occupation and contracts with any other person (... referred to as 'subcontractor') for the execution or performance by or under such contractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

Section 42–1–540 provides in pertinent part, that the remedies of the Act are exclusive:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and to accept compensation on account of personal injury or death by accident, shall exclude all other rights of such employee ... as against his employer, at common law or otherwise, on account of such injury, loss of service or death ....

■ The court in the case of *Singleton v. J.P. Stevens & Co., Inc.,* 533 F.Supp. 887, 890 (D.S.C.1982) stated the rule for determining status as a statutory employee as follows: "[T]o elude the statutory bar of the Workmen's Compensation Law, [plaintiff] must not be performing or executing any work which is part of the owner's trade, business or occupation." The determination of whether the activity in a given case is part of the "trade, business or occupation" of the principal employer must be made on a case by case basis. No hard and fast rule exists for determining who is a "statutory employee." *Bridges v. Wyandotte Worsted Company,* 243 S.C. 1, 132 S.E.2d 18, 23 (1963). After a careful consideration of this matter, the court is of the opinion that the plaintiff's motion for partial summary judgment is well taken and accordingly concludes that, at the time of his alleged injury, the plaintiff was not engaged in the "trade, business or occupation" of the defendant. Section 42–1–400 of the S.C.Code.

■ The affidavits of Earnest W. Deavenport, Jr., president of Carolina Eastman Company, and E. Leland Humphrey, manager of supply and distribution at Carolina Eastman Company reveal the nature of the defendant's business and the defendant's business relationship with Blalock Truck Line, Inc. According to these affidavits, for some seventeen years Carolina Eastman Company has operated a manufacturing plant in Calhoun County, South Carolina. This plant manufactures and ships to market chemicals, plastics, fibers, and yarns. Approximately 300,000,000 pounds of fiber and yarn are produced on an annual basis at the Carolina Eastman plant. Blalock Truck Line, Inc., is one of *many* common carriers that transport products manufactured at the Carolina Eastman plant to various customers. In 1981, Blalock Truck Line, Inc., transported some 12.8% of the total volume, by weight, of yarn and fiber transported by common carrier from defendant's Calhoun County plant. Blalock Truck Line, Inc., has transported goods for Carolina Eastman Company since approximately 1973. Carolina Eastman Company does not operate any over-the-road trucks and does not utilize any regular employees to transport its products to customers. All trucks owned by Carolina Eastman Company are used at the plant for purposes other than transportation of goods to customers. Carolina Eastman Company has elected to hire common carriers to transport its products to its customers if the customers do not pick up the products at the plant.

In reaching its decision, the court has found Professor Larson's treatise on workmen's compensation law to be most instructive. This multi-volume treatise contains an excellent discussion of statutory employee cases involving the transportation/shipping/delivery activity. *See* Larson's *Workmen's Compensation Law* § 49.12 (1982). As Professor Larson observes, a "general rule of thumb" emerges from the cases interpreting "statutory employer/employ-

ee" statutes. According to this rule, the statute applies to those situations where work is performed which the principal employer, or employers in a similar business, would ordinarily do through their employees. *Id.* § 49.12 at 9–22. Larson goes on to state that "in some of the closer cases, which in the abstract look as though they might be decided either way, the courts rely heavily upon evidence of the past practice of this employer and employers in a similar business." *Id.* § 49.12 at 9–52. In this regard, the court bases its decision on the fact that: (1) Carolina Eastman Company does not operate any over-the-road trucks; all trucks used at its plant are used for purposes other than transportation of goods to customers *and* (2) Carolina Eastman Company does not maintain any regular employees to transport its product to customers, but rather has elected to hire common carriers to do this work. *See* Affidavit of E. Leland Humphrey, manager of supply and distribution at Carolina Eastman Company, *supra.* Also, with regard to transportation cases, Larson states that "a long out-of-town haul . . . may well be outside the regular business of an employer, unless it is shown that he normally handles most of his out-of-town deliveries through his own employed truck drivers." Larson's *supra* § 49.12 at 9–47, 48, & 49. The defendant here has made no such showing.

In so ruling, the court recognizes that the mere fact that Carolina Eastman Company neither maintains its own fleet of trucks for long-distance hauling nor utilizes its regular employees for this function is not entirely dispositive of the issue here. The relevant inquiry is not whether Carolina Eastman Company was engaged in the transportation/shipment business or had ever been so engaged, but whether the transportation activity of Blalock Truck Line, Inc., was a part of Carolina Eastman Company's manufacturing business. *Corollo v. S.S. Kresge Co.,* 456 F.2d 306, 312 (4th Cir.1972), *cert. denied,* 407 U.S. 911, 92 S.Ct. 2440, 32 L.Ed.2d 686 (1972). The court, however, views the practices of Carolina Eastman Company in this area as a strong indication that transportation/shipping/delivery is not a part of its manufacturing business.

Professor Larson's summary of the test applicable here is particularly instructive:

> From these cases it will be readily seen that the test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction, or transportation service. The test . . . is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors.

Larson's *supra* § 49.12 at 9–53.

While the transportation function performed by Blalock Truck Line, Inc., and the plaintiff may have been necessary to the defendant's business, the record clearly shows that it is an activity normally carried on through independent contractors rather than Carolina Eastman Company's own employees and therefore cannot be considered part of Carolina Eastman Company's manufacturing business.

To support his contention that the transportation of the defendant's products by Blalock Truck Line, Inc., is not part of the trade and business of the defendant under Section 42–1–400, the plaintiff cites several "delivery and transportation" cases where it was held that carrier operations have a separate identity and significance apart from manufacturing operations. Of importance in these cases is the fact that the defendants did not normally own trucks and employ drivers but rather utilized the services of a subcontractor to perform the transportation and shipment function. *See Green v. Crunden Martin Manufacturing Co.,* 575 S.W.2d 930 (Mo.1978); *Walton v. United States Steel Corporation,* 362 S.W.2d 617 (Mo.1962); *Caton v. Winslow Bros. & Smith Co.,* 309 Mass. 150, 34 N.E.2d 638 (1941). While these cases did not involve the application of Section 42–1–400 of the S.C.Code, the factual circumstances and the legal principles set forth there are applicable to the case at hand and have provided

the court with guidance in addressing the present issue.

In support of its position, the defendant has relied on several cases where workmen have been held to be statutory employees. The court, however, finds these cases to be distinguishable in that the activities performed by the workmen there were clearly identified with the principal employer's trade and business. Moreover, none of these cases discusses the situation in which the activity involved transportation and shipping. *See Marchbanks v. Duke Power Co.*, 190 S.C. 336, 2 S.E.2d 825 (1939) (maintenance of power company's transmission lines held an important part of power company's business); *Boseman v. Pacific Mills*, 193 S.C. 479, 8 S.E.2d 878 (1940) (maintenance of water tank used for fire protection of cotton mill held to be an integral part of mill's business, providing fire protection necessary and essential in the cloth manufacturing business); *Mack v. R.C. Motor Lines, Inc.*, 365 F.Supp. 416 (D.S.C.1973) (inspection, rotation and changing of tires for trucking company held part of trucking company's business); *Singleton v. J.P. Stevens & Co., Inc.*, 533 F.Supp. 887 (D.S.C. 1982) (maintenance and repair of textile company's electrical lines held part of textile company's business necessary to continued operation of plant); *MacMullen v. S.C. Electric & Gas Co.*, 312 F.2d 662 (4th Cir. 1963) (construction of third of four power generating plants held part of power company's business); *Corollo v. S.S. Kresge Co.*, 456 F.2d 306 (4th Cir.1972), *cert. denied*, 407 U.S. 911, 92 S.Ct. 2440, 32 L.Ed.2d 686 (1972) (millinery department in large discount department store held part of discount department store's business).

For the foregoing reasons and based upon the cited authorities, the court is of the opinion that the transportation/shipment/delivery function performed by the plaintiff Dickerson as an employee of Blalock Truck Line, Inc., at the time of the accident alleged in the complaint, was not part of the defendant Carolina Eastman Company's "trade, business or occupation" for purposes of Section 42–1–400 of the S.C.Code. There being no genuine issue of material fact, the plaintiff is entitled to partial summary judgment on the defendant's second defense as a matter of law. Rule 56 of the Federal Rules of Civil Procedure; *Walker v. United States Gypsum Co.*, 270 F.2d at 860–61.

IT IS THEREFORE ORDERED that (1) the defendant's motion for summary judgment shall be and the same hereby is denied and (2) the plaintiff's motion for partial summary judgment on the second defense asserted in the defendant's answer shall be and the same hereby is granted.