WALTER CATON *vs.* WINSLOW BROS. & SMITH CO.

Suffolk.    March 5, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Workmen's Compensation Act*, Employee of independent contractor.

A finding was warranted that the transportation by a truckman, an independent contractor, of wool from a distance to the warehouse of one engaged in processing wool for manufacture and the unloading of the wool there were not "part of or process in" the business of the wool processor but "merely ancillary and incidental" thereto within G. L. (Ter. Ed.) c. 152, § 18, although they were essential to that business; and an employee of the truckman injured by negligence of the wool processor while unloading the wool was not covered by the wool processor's workmen's compensation insurance under § 18 nor precluded thereby from maintaining an action against the wool processor.

TORT. Writ in the Municipal Court of the City of Boston dated April 18, 1939.

There was a finding for the plaintiff in the sum of $400 by *Carr*, J.

*R. H. Lee,* for the plaintiff.

*S. H. Rogers,* for the defendant.

DOLAN, J.   This is an action of tort to recover compensation for personal injuries sustained by the plaintiff while unloading a truck at the defendant's warehouse in Boston. The judge found for the plaintiff, and the case comes before us on his appeal from the order of the Appellate Division that the finding for the plaintiff be vacated and judgment entered for the defendant.

The evidence tended to show the following facts: The plaintiff, a citizen of Ohio, was hired in that State by one Mead as a helper on one of Mead's trucks. Mead was engaged in the business of trucking wool and other goods on long distance hauls. Prior to May 23, 1938, the date of the accident, the truck on which the plaintiff was working took on a load of bales of wool at a town in Pennsylvania. The wool was consigned to the defendant at Boston. The defendant's warehouse, where the wool was being delivered, was "several stories high." The defendant maintained a "whip" for "raising" bales into the "various" floors of the building. The whip consisted of a rope running through a block or pulley which was fastened to an arm "projecting from the top of the building out over the alleyway where trucks delivering merchandise stopped for unloading." Fastened to the lower end of this rope or to a chain attached thereto were hooks "like double ice tongs" which were used "to fasten into the merchandise to be raised." The whip was run by power and controlled near the opening of each floor by ropes which started or stopped the mechanism.

When the truck on which the plaintiff was working arrived at the defendant's premises, one Hardy, a superintendent employed by the defendant, "with his crew of five or six men" assisted the plaintiff and the truck driver in unloading the wool. Hardy and his crew were employed by the defendant to load and unload trucks, operate the whip, check the wool brought in and place it in proper spaces on the "various" floors. They also had other duties connected with the processing of wool. The plaintiff and

the truck driver remained on or near the truck attaching the tongs to the bales. Hardy operated the whip, and the bales were "lowered" to the ground and Hardy's crew pulled them into the basement. It is conceded by the defendant that the plaintiff was injured when its superintendent "negligently pulled up the 'whip' and caught one of the tongs in the plaintiff's hands" and that "There was no negligence on the part of the plaintiff."

The defendant is a Massachusetts corporation engaged in the business of dealing in and processing wool and preparing it for manufacture. It had trucks of the type used by Mead, and sometimes used them for the transportation of wool. The defendant was insured under the workmen's compensation act (G. L. [Ter. Ed.] c. 152). After the accident the plaintiff received compensation from the Ohio State compensation fund in the sum of $32, Mead being a subscriber to that fund.

At the close of the evidence the defendant made ten requests for rulings. The judge made a "Memorandum as to Decision with Findings" in which he found, in addition to facts already recited, that the whip was not manned and operated as a gratuitous aid to truckmen in unloading merchandise received at the warehouse; that it was maintained and operated for the benefit of the defendant for prompt unloading of merchandise and placing merchandise on the "desired" floors; that, when the hooks were attached to the bales, the defendant took control and raised them from the truck and with the assistance of the plaintiff swung them into the warehouse; that "in managing this unloading machinery the defendant was negligent and that the plaintiff in the exercise of due care, was injured"; that, although the defendant had some trucks, "trucking was incidental to and not part of or process in the business carried on by the defendant and that the transportation furnished by the plaintiff's employer in carrying the bales from Pennsylvania to the defendant's warehouse in Boston was incidental to and not part of or process in the business carried on by the defendant"; and that "the plaintiff was not within the shadow of the defendant as a common employer." The

judge ruled that the plaintiff's injury was not compensable by the defendant's insurer under G. L. (Ter. Ed.) c. 152, and that nothing in the provisions of the laws of Ohio relating to workmen's compensation precluded the plaintiff from maintaining the present action.[1]    He granted the defendant's second, eighth and ninth requests for rulings and refused the others.

Of the requests for rulings that were refused the defendant now argues that the denial of those numbered 4, 5, 6, 7 and 10 was error.    Those requests were as follows: "4. The plaintiff cannot recover in this action for the reason that the defendant has complied with the requirements of G. L. c. 152.    5. The defendant is an insured person within the meaning of G. L. c. 152, § 15, and the plaintiff cannot recover since he has waived his common law rights under c. 152, § 24.    6. The defendant is an insured person within the meaning of G. L. c. 152, § 18, and the plaintiff cannot recover.    7. The work carried on by the plaintiff was a part of the 'process in, the trade or business carried on by the' defendant and not 'merely ancillary or incidental thereto.' . . . 10. Upon all the evidence, the plaintiff cannot recover."

The defendant's contention that the provisions of G. L. (Ter. Ed.) c. 152, § 18, give the plaintiff a right to compensation under that chapter cannot be sustained.    In order to bring the case within § 18 it was necessary to show that the defendant entered into a contract with the plaintiff's employer to do the defendant's work; that the contract was for the performance of work not merely ancillary and incidental to the trade or business carried on by the defendant but was for the performance of work that was a part of or process in that trade or business; and that the place of the injury was on or about the premises on which the contractor, the plaintiff's employer, had undertaken to execute the work for the defendant, or which were under its control or management.    Admittedly the accident occurred about the defendant's premises which were under the defendant's management and control and where the wool was being delivered.

---

[1] The defendant does not now contend that the law of Ohio is to the contrary.

Assuming, without deciding, that it could have been found on the evidence that there was a contract between the defendant and the plaintiff's employer for the transportation of the wool from Pennsylvania to the defendant's warehouse, still the finding of the judge that the plaintiff's work at the time of the accident was merely incidental to the business or trade carried on by the defendant takes the case out of the operation of G. L. (Ter. Ed.) c. 152, § 18. This finding was one of fact and must stand if there was evidence to support it. *Corbett's Case*, 270 Mass. 162, 165. · *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 262, 263. The defendant's contention that this finding is inconsistent with a particular subsidiary finding of the judge is not now open to it, since it should have been raised by a motion for new trial. *Duralith Corp.* v. *Leonard*, 274 Mass. 397, 401, and cases cited. Nevertheless we deem it appropriate to say that the reported evidence and the subsidiary findings of the judge, fairly interpreted as a whole, support the finding in question and do not require a finding to the contrary.

The "customary practice of a person or corporation in carrying on his or its business has a material bearing upon whether a particular activity is a 'part of or process in' the 'trade or business' or 'merely ancillary and incidental' thereto." *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 266. See *Meehan* v. *Gordon*, 307 Mass. 59, 62. There was no evidence in the present case that it was a customary practice for the defendant to transport wool a long distance to its warehouse. There is no similarity, moreover, between long distance transportation of wool and processing it for manufacture. The defendant contends, however, that, since the transportation of the wool to its warehouse is essential in order that its processing business may be carried on, the transportation of the wool is a part of its trade or business. We do not concur in this contention. The mere fact that transportation of goods to one's place of business is essential for the conduct of the business does not mean that the transportation of the goods is a part of or process in the business. The construction of warehouse or factory buildings for the storage and processing of wool

for manufacture, the manufacture of such machinery, tools
and equipment as are used in that business, and the raising
of sheep would all involve work that was essential in the
broad sense to the conduct of such a business; but we
think that, unless the processor was accustomed to carry
on those activities itself, they must be classed as merely
ancillary or incidental to and not as a part of or process
in the business.  It is difficult to see how the defendant
could be said to have put into the hands of the plaintiff's
employer, a trucking concern under a contract of carriage
or transportation, if such there was, any part of or process
in the business of processing wool for manufacture carried
on by the defendant.  See *Pimental* v. *John E. Cox Co.
Inc.* 299 Mass. 579, 583; *Meehan* v. *Gordon,* 307 Mass.
59, 62; *Bogoratt* v. *Pratt & Whitney Aircraft Co.* 114
Conn. 126; *Packett* v. *Moretown Creamery Co.* 91 Vt. 97;
*Pearce* v. *London & South Western Railway,* [1900] 2 Q. B.
100.  It is manifest that it cannot properly be said that
everything that is reasonably necessary to be done for the
purpose of carrying on a trade or business is a part of or
process in the trade or business within the meaning of § 18.
See *Hockley* v. *West London Timber & Joinery Co.* [1914]
3 K. B. 1013, 1017.

The defendant, however, asserts that "it is not trucking
and transportation that is relied upon here to be a part
of . . . [its] business, but the unloading and transferring
of merchandise from carriers into the various and proper
floors of . . . [its] warehouse," in which work the plain-
tiff was injured.  But if, as assumed hereinbefore without
deciding, there was a contract between the plaintiff's em-
ployer and the defendant, it was for the transportation of
the wool from Pennsylvania to the defendant's warehouse.
Such a contract cannot be broken up into integral parts
but must be looked at as a whole.  "Transportation im-
plies the taking up of persons or property at some point
and putting them down at another."  *Gloucester Ferry Co.*
v. *Pennsylvania,* 114 U. S. 196, 203.  *Koshland* v. *Columbia
Ins. Co.* 237 Mass. 467, 472.  In the instant case we are
of the opinion that the evidence did not require a finding

that the plaintiff's work in connection with the transportation and setting down of the wool was a part of or process in the defendant's business, and that there was no error of law in the finding of the judge that it was merely incidental to it or in his denial of the defendant's requests for rulings. See *Corbett's Case*, 270 Mass. 162, 166; *Pimental* v. *John E. Cox Co. Inc.* 299 Mass. 579, 583; *Meehan* v. *Gordon*, 307 Mass. 59, 62. Compare *Clark* v. *M. W. Leahy Co. Inc.* 300 Mass. 565; *Carlson* v. *Dowgielewicz*, 304 Mass. 560.

It follows that the order of the Appellate Division must be reversed, and an order entered dismissing the report.

*So ordered.*