Mason, J.,
This is an action of tort for personal injuries caused by the negligence of the defendant in the operation of a motor vehicle. The Trial Court found for the plaintiff. The only question raised is whether such finding was justified, the defendant contending that the plaintiff’s only remedy was under the workmen’s compensation act, G. L. (Ter. Ed.) chapter 152.
The case was submitted on the. following statement of agreed facts: “The defendant was the owner of his own motor truck and was in the trucking business in the City of Worcester and did all forms of trucking. The plaintiff had been engaged by the defendant at various times to act as his helper in the said trucking business. In March of 1941 the defendant’s father* Joseph E. English, entered *202 into an oral contract with one John Trotto who conducted a sand and gravel business and also a ready-mixed cement business, he operated under the name of the Worcester Sand & Gravel Company, hereinafter called the contractor. Joseph E. English agreed to haul cement for the said Trotto from freight cars on railroad sidings in Worcester to Trotto’s warehouse in Shrewsbury at the price of 3$ per bag. This trucking of cement was not to be done at any specific stated time, but as would be requested by the said Trotto. On May 14th the defendant, James L. English, operating his own truck, was hauling cement presumably under some arrangement with Joseph E. English. While working with the defendant as said helper and riding upon a truck which was loaded with cement and while it was on “its.way to Trotto’s warehouse, met with an accident caused through the negligence of the defendant; that as a result the plaintiff sustained injuries. This accident occurred on a public highway approximately three-quarters of a mile from Trotto’s warehouse. The defendant did not carry insurance in accordance with General Laws, Chapter 152 (Workmen’s Compensation Act); Neither did Joseph E. English carry any insurance in accordance with said General Laws, Chapter 152. The said Trotto used the cement for various' purposes' in his' business. ■
“Joseph E. English has been engaged for twenty-one years in the trucking business. He has a son, James L. English, the defendant, who was the owner of a Ford dump truck. On five or six occasions between the date of the making of the contract arid before May 14, 1941, Joseph "E. English under the terms thereof transported cement for the .contractor. In the performance of this work Joseph E. English employed' the' deféndant and his truck to per-form part of the work covered by the contract.
*203 “The contractor was an insured person as defined by General Laws, Chapter 152 (Ter. Ed.), Section 1, Paragraph 6. The plaintiff has not reserved his common law right of action by written notice at the time of his contract for hire with the contractor. The plaintiff was injured by an act of the defendant in the operation of his truck on a public highway while hauling cement under the contract between Joseph E. English and the contractor. The injury to the plaintiff arose out of and in the course of his employment. At the time of the injury the truck operated by the defendant was performing work covered by the contract made between Joseph E. English and the contractor.
“It is further agreed that the contractor was engaged in the sand and gravel business, and that he was also engaged in the ready-mix concrete business. In the ready-mix concrete business the use of cement was necessary. The contractor hired Joseph E. English for the purpose of trucking the cement from the railroad station to the warehouse, to be stored there until such time as the contractor required the said cement for the purpose of making ready-mix concrete. The contractor at various times also had his own trucks, and his own employees haul such cement from the freight yards to the said warehouse. The contractor owned and operated sixteen dump trucks and four ready-mix concrete trucks.
“It is further agreed that when James L. English engaged the plaintiff, William Prince, he never informed him of any business relationship existing between James L. English and Joseph E. English.
“It is further agreed that on previous occasions the plaintiff was engaged directly by the said James L. English and that also on previous occasions he was engaged direct *204 ly for Joseph E-. English, and was paid on said occasions by the said respective parties.
“It is further agreed that if the Court shall find for the plaintiff, the finding shall be in the sum of Six Hundred and Fifty Dollars ($6'50.00).
“It is also further agreed that the stipulation previously filed by the parties on November 27, 1941 is hereby waived by both parties and is not to be considered in any way as part of this case.”
The material part of the finding of the Trial Court is as follows:
“I find that under the ‘agreed statement of facts’ filed in this case that the work in which the plaintiff was engaged at the time he was hurt through the admitted negligence of the defendant, was not ‘a part of or process in’ the ‘trade or business’- of the WORCESTER SAND & GRAVEL COMPANY, - but was ‘merely ancillary and incidental’ thereto.
“I therefore find for the plaintiff in the agreed sum of Six hundred and fifty dollars ($650.00) as set forth in ‘agreed statement of facts.’ ”
G. L. (Ter. Ed.) chapter 152 section 18, as amended by Acts of 1939 chapter 93, has been the subject of discussion in many cases. One of the most recent of these cases is Caton v. Winslow Bros. & Smith Co., 309 Mass. 150, which closely resembles the case before us. In that case the defendant, who was insured under the workmen’s compensation, act, was engaged in the business of dealing in and processing wool and preparing it for manufacture. It maintained a warehouse in Boston. The plaintiff was a helper employed by one Mead, who was engaged in the long distance trucking business. Mead was hired by the defendant to transport certain bales of wool from a town in *205 Pennsylvania to the warehouse of the defendant. The plaintiff, while assisting in the unloading of the goods at the defendant’s warehouse, was injured by reason of the negligence of an employee of the defendant who participated in the work of unloading. The Trial 'Court made memorandum of finding, which, among other things included this statement — “that although the defendant had some trucks, ‘trucking- was incidental to and not a part of or process in the business carried on by the defendant and that the transportation furnished by the plaintiff’s employer in carrying the bales from Pennsylvania to the defendant’s warehouse in Boston was incidental to and not a part of or process in the business carried on by the defendant; and that the plaintiff was not within the shadow of the defendant as a common employer. ’ ”
It was held that this finding of the Trial Court was justified, and that therefore the workmen’s compensation act was not a bar to the plaintiff’s action.
We can see no difference in principle between the case in hand and the case of Caton v. Winslow Bros. & Smith Co., 309 Mass. 150. Whether trucking cement to place of business of John Trotto was a part of Trotto’s business or a process therein or was merely incidental thereto was a question of fact. The decision of the Trial Court on this question of fact is conclusive against the defendant.
' We find no prejudicial error, and the report must be dismissed.