503 S.E.2d 494

**Ronnie ABBOTT and Peggy Abbott, Appellants,**

v.

**THE LIMITED, INC., d/b/a Lane Bryant, Inc., Respondent.**

**No. 2858.**

Court of Appeals of South Carolina.

Heard April 9, 1998.
Decided June 23, 1998.
Rehearing Denied Aug. 20, 1998.

Susan J. Firimonte, of Steve Wukela Law Office, Florence, for appellants.

Michael Mills Nunn, of Coleman, Aiken & Chase, Florence, for respondent.

HEARN, Judge:

Ronnie and Peggy Abbott appeal from the circuit court's order finding that the exclusivity provision of the South Carolina Workers' Compensation Act barred their personal injury and loss of consortium action against The Limited, Inc., d/b/a Lane Bryant. We affirm.

## *FACTS*

In 1992, Ronnie Abbott was employed as a truck driver by Observer Transport, a common carrier which operates to transport goods for various businesses in and around Florence, South Carolina. In 1988, Observer and Lane Bryant, a retail clothing store, entered into a contract whereby Observer agreed to transport certain packaged material to various Lane Bryant facilities. The contract provides, in relevant part, as follows:

Section 10. *No Partnership.*

Carrier [Observer] is not an employee, agent, legal representative, joint venturer or partner of LDS [Limited Distribution Services, Inc.] or the Retailers for any purpose, but is an independent contractor. Carrier will have sole and exclusive control over the manner in which its employees or agents perform services under this Agreement. Carrier assumes full responsibility for, and neither LDS nor any Retailer will have liability with respect to, employees or

agents employed by Carrier to carry out the performance of services under this agreement.

Section 11. *Timing: Transportation.*

.... Carrier also acknowledges that the prompt and efficient transportation of Goods is essential to the business of the retailers.

On December 21, 1992, Abbott was injured when he tripped over a mop bucket and box in the hallway while moving boxes into a Lane Bryant facility. Abbott filed for and was awarded workers' compensation benefits from Observer. Thereafter, the Abbotts filed this personal injury action against Lane Bryant. Lane Bryant sought dismissal of the action, arguing the court lacked subject matter jurisdiction to hear the case due to Abbott's status as a statutory employee and the exclusivity provision of the Workers' Compensation Act. By order dated February 24, 1997, the circuit court agreed with Lane Bryant's position and dismissed the action. This appeal followed.

## DISCUSSION

An employer-employee relationship is normally necessary for coverage under the Workers' Compensation Act. *McDowell v. Stilley Plywood Co.*, 210 S.C. 173, 182, 41 S.E.2d 872, 876 (1947) ("In the absence of a statutory provision to the contrary, an injured person who is not an employee, but an independent contractor for the work, is not within the scope of a compensation act...."). Certain statutory exceptions to this rule exist. Statutory employees are one exception.

According to South Carolina Code Ann. § 42–1–400 (1985):

When any person ... referred to as 'owner' undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person ... for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by the owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

■ Thus, under certain circumstances, an employer may be liable to pay workers' compensation benefits to a worker not directly employed by the employer. The primary purpose behind section 42–1–400 is to afford the benefits of compensation to workers who are exposed to the risks of business. *Parker v. Williams and Madjanik, Inc.*, 275 S.C. 65, 73, 267 S.E.2d 524, 528 (1980); Arthur Larson, *Larson's Workers' Compensation Law*, § 49.00, at 9–1 (1997) ("[O]ne purpose of these statutes is to prevent evasion of compensation coverage by the subcontracting of the employer's normal work[.]") Nevertheless, the statutory employee doctrine is a double-edged sword to the worker who, though included in compensation, is also bound by the exclusivity provision of the Workers' Compensation Act. *Carter v. Florentine Corp.*, 310 S.C. 228, 230–31, 423 S.E.2d 112, 113 (1992), *overruled on other grounds, Ballenger v. Bowen* 313 S.C. 476, 478, 443 S.E.2d 379, 380 (1994).

■ A three-pronged test determines whether a worker qualifies as a statutory employee. The court must consider whether (1) the activity of the worker is an important part of the owner's trade or business; (2) the activity performed is a necessary, essential, and integral part of the owner's business; or (3) the identical activity performed by the worker has been performed by employees of the owner. *Glass v. Dow Chem. Co.*, 325 S.C. 198, 201, 482 S.E.2d 49, 50 (1997); *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 472–73, 478 S.E.2d 91, 95 (Ct.App.1996), *cert. denied,* (Sept. 19, 1997). If any one of these tests is satisfied, the injured worker is held to be the statutory employee of the owner. *Id.* Moreover, any doubts as to a worker's status are to be resolved in favor of coverage. *Riden v. Kemet Electronics Corp.*, 313 S.C. 261, 263–64, 437 S.E.2d 156, 158 (Ct.App.1993).

■ On appeal, Abbott argues the trial court erred in determining he was Lane Bryant's statutory employee and that his personal injury claim was, therefore, barred by the exclusivity provision of the Act. Specifically, Abbott asserts the work he performed for Lane Bryant was not an important, necessary or integral part of Lane Bryant's business.

We agree with the trial court that the prompt and efficient delivery of goods for the purpose of stocking its retail stores is

an integral and essential part of Lane Bryant's business. Lane Bryant could not operate a retail business without stock. Because Abbott's work was at least "important" to Lane Bryant's business, the trial court properly deemed him a statutory employee.

The facts of this case are distinguishable from our recent decision in *Meyer v. Piggly Wiggly No. 24, Inc.*, 331 S.C. 261, 500 S.E.2d 190 (1998). In *Meyer*, the claimant was injured while walking through the store to stock the display shelves with the product distributed by his employer, a wholesale bakery. As a mere vendor, Meyer could not qualify as Piggly Wiggly's statutory employee. *Id.* at 267, 500 S.E.2d at 193 (citing *Wilson v. Daniel Int'l Corp.*, 260 S.C. 548, 552, 197 S.E.2d 686, 687–88 (1973) (Statutory employee doctrine does not apply to "the relationship of buyer and seller of a commodity or material.")); Arthur Larson, *Larson's Workers' Compensation Law* § 49.16(h) at 9–100 (1997) ("Ordinarily, of course, a contractor is not the statutory employer of employees of material suppliers who deliver materials to the job.").

We recognize the unfairness of applying the statutory employee doctrine to bar Abbott's claim. Lane Bryant's own contract with Observer—Abbott's direct employer—purported to preclude Abbott from receiving workers' compensation benefits from Lane Bryant, thus evading the application of the statutory employee doctrine. Nevertheless, Lane Bryant asserted the statutory employee doctrine in order to invoke the exclusivity provision of the Act and thereby successfully thwarted Abbott's third-party suit. This court, however, cannot modify either the statute or the test which has been developed to determine the existence of the statutory employee relationship.

For the foregoing reasons, the decision of the trial court is

**AFFIRMED.**

GOOLSBY and STILWELL, JJ., concur.