526 S.E.2d 513

Ronnie ABBOTT and Peggy Abbott, Petitioners,

v.

THE LIMITED, INC., Respondent.

No. 25045.

Supreme Court of South Carolina.

Heard Dec. 1, 1999.

Decided Jan. 10, 2000.

Susan J. Firimonte, of Florence, for petitioners.

Michael M. Nunn and M. Mark McAdams, both of Aiken, Nunn, Elliott & Tyler, P.A., of Florence, for respondent.

MOORE, Justice:

We granted a writ of certiorari in this negligence action to review the Court of Appeals' decision finding respondent (Retailer) was petitioner Ronnie Abbott's statutory employer and therefore immune from suit. We reverse.

## FACTS

Ronnie Abbott was employed by a common carrier, Observer Transport, Inc. (Carrier). Carrier had a contract with Limited Distribution Services, Inc. (Distributor), Retailer's agent, to deliver goods to Retailer including "inside delivery." Abbott was injured when he slipped and fell while unloading boxes on Retailer's premises.

Abbott received workers' compensation benefits from Carrier. The Abbotts then commenced this negligence action against Retailer. The trial judge granted Retailer's motion to dismiss finding Abbott was a statutory employee of Retailer and therefore Abbott's exclusive remedy was under the Workers' Compensation Act. On appeal, the Court of Appeals affirmed. *Abbott v. The Limited, Inc.,* 332 S.C. 171, 503 S.E.2d 494 (Ct.App.1998).

## DISCUSSION

The Court of Appeals found Abbott was Retailer's statutory employee under S.C.Code Ann. § 42–1–400 (1985) which provides:

**§ 42–1–400. Liability of owner to workmen of subcontractor.**

When any person, in this section ... referred to as "owner," undertakes to perform or execute any work *which is part of his trade, business or occupation and contracts with any other person (in this section ... referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner,* the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

(emphasis added).

■ In determining whether an employee is engaged in an activity that is part of the owner's trade, business, or occupation as required under § 42–1–400, this Court has applied three tests: (1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's business; or (3) has the activity previously been performed by the owner's employees? *Glass v. Dow Chemical Co.*, 325 S.C. 198, 482 S.E.2d 49 (1997). Only one of these three tests need be met but there is no easily applied formula and each case must be decided on its own facts. *Id.* "[T]he guidepost is whether or not that which is being done is or is not a part of the general trade, business or occupation of the owner." *Hopkins v. Darlington Veneer Co.*, 208 S.C. 307, 311, 38 S.E.2d 4, 6 (1946).

■ The Court of Appeals concluded Abbott was Retailer's statutory employee because "the prompt and efficient delivery of goods for the purpose of stocking its retail stores is an integral and essential part of [Retailer's] business" and "Abbott's work was at least important to [Retailer's] business." The Abbotts contend this was error because the delivery of goods was not integral to, or an important part of, Retailer's business. We agree.

The fact that it was important to Retailer to *receive* goods does not render the delivery of goods an important part of Retailer's business. "The mere fact that transportation of goods to one's place of business is essential for the conduct of

the business does not mean that the transportation of the goods is a part or process of the business." *Caton v. Winslow Bros. & Smith Co.*, 309 Mass. 150, 154, 34 N.E.2d 638, 641 (1941). We conclude that the mere recipient of goods delivered by a common carrier is not the statutory employer of the common carrier's employee.[1] The decision of the Court of Appeals is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.

---

1. To the extent *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478 S.E.2d 91 (Ct.App.1996), and *Hairston v. Re: Leasing, Inc.*, 286 S.C. 493, 334 S.E.2d 825 (Ct.App.1985), may be read to hold otherwise, they are hereby overruled.