559 S.E.2d 370

**Charles OLMSTEAD, Appellant,**

v.

**SHAKESPEARE, Respondent.**

**Joanna Olmstead, Appellant,**

v.

**Shakespeare, Respondent.**

**No. 3437.**

Court of Appeals of South Carolina.

Heard Dec. 5, 2001.

Decided Jan. 22, 2002.

Rehearing Denied Feb. 22, 2002.

Certiorari Granted May 30, 2002.

Daniel E. Henderson, of Peters, Murdaugh, Parker, Eltzroth & Detrick, of Ridgeland, for appellants.

Gray T. Culbreath and Clayton B. McCullough, of Collins & Lacy, of Columbia, for respondents.

STILWELL, J.

Charles and Joanna Olmstead appeal the order of the circuit court dismissing their tort actions against Shakespeare. The circuit court held that Olmstead was Shakespeare's statutory employee and thus barred by the exclusive remedy provision of the Workers' Compensation Act. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Olmstead is the owner-operator of a truck-trailer combination used for long distance hauling of goods and materials. He leased his equipment to Hot Shot Express, which provided his tags, ICC licensing, and placards. He was paid by Hot Shot based on the miles he drove. Hot Shot dispatched Olmstead to Shakespeare's Newberry plant to pick up a load of utility poles. Olmstead's truck was loaded by Shakespeare employees, and Olmstead strapped the load down. After the load was strapped, Olmstead was asked to unstrap the poles because of a quality control problem. He was injured when some of the poles fell during unstrapping.

Olmstead filed suit against Shakespeare for negligence, and his wife filed suit for loss of consortium. Shakespeare answered and alleged, as an affirmative defense, that Olmstead was a statutory employee and thus the exclusive remedy was under the South Carolina Workers' Compensation Act. After the period for filing a workers' compensation claim had expired, Shakespeare filed a motion to dismiss on the same basis. The circuit court granted the motion.

## STANDARD OF REVIEW

In workers' compensation cases, the "existence of the employer-employee relationship is a jurisdictional question." *Lake v. Reeder Constr. Co.*, 330 S.C. 242, 247, 498 S.E.2d 650, 653 (Ct.App.1998). Subject matter jurisdiction is a question of law for decision by the court and includes findings of fact which relate to jurisdiction. *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 7, 132 S.E.2d 18, 21 (1963). "[T]his court may reverse where the decision is affected by an error of law." *Lake* at 247, 498 S.E.2d at 653.

## LAW/ANALYSIS

Olmstead argues the trial court erred in holding that he was a statutory employee of Shakespeare. We agree.

The recent supreme court case of *Abbott v. The Limited, Inc.*, 338 S.C. 161, 526 S.E.2d 513 (2000) is controlling. Abbott was employed by a common carrier which had a contract with The Limited Distribution Services to deliver goods to its

retail stores. Abbott was injured while unloading boxes on the retailer's premises. The *Abbott* court cited the three established tests used to determine

> whether an employee is engaged in an activity that is part of the owner's trade, business, or occupation as required under [S.C.Code Ann.] § 42–1–400 (1985) ...:(1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's business; or (3) has the activity previously been performed by the owner's employees? ... "[T]he guidepost is whether or not that which is being done is or is not a part of the general trade, business, or occupation of the owner."

*Abbott* at 163, 526 S.E.2d at 514. In finding Abbott was not a statutory employee of The Limited, our supreme court stated, " '[t]he mere fact that transportation of goods to one's place of business is essential for the conduct of the business does not mean that the transportation of the goods is a part or process of the business.' We conclude that the mere recipient of goods delivered by a common carrier is not the statutory employer of the common carrier's employee." *Abbott* at 163–64, 526 S.E.2d at 514 (quoting *Caton v. Winslow Bros. & Smith Co.*, 309 Mass. 150, 34 N.E.2d 638, 641 (1941)). In so holding, the court stated in a footnote: "To the extent *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478 S.E.2d 91 (Ct.App. 1996), and *Hairston v. Re: Leasing, Inc.*, 286 S.C. 493, 334 S.E.2d 825 (Ct.App.1985), may be read to hold otherwise, they are hereby overruled."

In this case, the trial court stated it was influenced primarily by two factors in finding Olmstead was a statutory employee. First, the supreme court could easily have broadened the reach of *Abbott* to all transportation cases but chose not to, specifically limiting its holding to receipt of goods. Second, *Abbott* did not overrule *Revels v. Hoechst Celanese Corp.*, 301 S.C. 316, 391 S.E.2d 731 (Ct.App.1990). We find the court's reliance on these factors misplaced. We do not agree with the overly narrow reading of *Abbott,* as we find that its holding is not limited to situations involving a retailer's *receipt* of goods. The facts of *Abbott* involved receipt of goods, so it was unnecessary for the court to address the delivery of goods from a manufacturer to a customer because that issue was not presented.

A review of the overruled cases provides further evidence that the holding of *Abbott* is not limited to receipt of goods. In *Hairston,* the recipients determined the delivery dates and drop-off points for vehicles being transported by the common carrier. *Hairston* at 496, 334 S.E.2d at 826. The court did not emphasize or even address the delivery aspect of the case, but rather found that the preponderance of the evidence indicated the driver was performing services which were part of the trade or business. *Hairston* at 498, 334 S.E.2d at 827.

In *Neese,* an employee of a common carrier was injured while unloading a truck. In a footnote, the court noted the parties were not in agreement as to when the injury occurred. *Neese* at 470 n. 1, 478 S.E.2d at 93–94 n. 1. Neese contended he was injured while transporting the goods from the Michelin plant to another location. Michelin contended he was injured while transporting materials back to the Michelin plant. The court stated, "Whether Neese was injured at AVRC or the Sandy Springs [Michelin] plant is not relevant to the issues involved in this appeal." *Id.* This language indicates the court did not make a distinction, nor would it have made a difference if Neese were delivering or receiving the goods. The court held that "[c]learly, the packaging and transportation of these semi-finished products ... is an integral part of Michelin's business." *Neese,* 324 S.C. at 473, 478 S.E.2d at 95. Because this case did not specifically involve delivery or receipt, *Abbott* cannot be read to have been overruling a receipt case when it overruled *Neese.* Rather, we find that *Abbott* focused on the transportation aspect to determine if the individual is a statutory employee, not whether the purported statutory employer was a shipper or a recipient of goods.

Additionally, the trial court's reliance on the fact that the supreme court did not overrule *Revels* was error. Revels was employed by a common carrier to transport liquid organic chemicals. *Revels* at 317, 391 S.E.2d at 731. The *Revels* court found "no difficulty in deciding that Revels was Celanese' 'statutory employee' when he was injured. The work then being performed by Revels, *i.e.,* checking the levels of the chemicals being loaded into the tanker, was a part of Celanese' general business." *Revels* at 318, 391 S.E.2d at 732. Unlike the employees in *Abbott, Neese,* and *Hairston,* who were merely transporting goods, Revels was more involved in the

business process, since he monitored the levels of chemicals being pumped into the tanker. Additionally, this court in *Revels* specifically found that distribution, and therefore transportation, was an integral part of Celanese's business. Since *Revels* involved more than transportation alone and is easily distinguished on its facts, the supreme court had no reason to expressly overrule it.

We find the facts in the present case do not support the ruling that Olmstead was a statutory employee of Shakespeare. Olmstead was transporting a finished product away from Shakespeare's manufacturing plant to a customer. Shakespeare does not own or operate any receiving or delivery trucks. All of the raw material that arrives at its plant and all of the finished product that leaves its plant does so by common carrier. We find that Olmstead, as an employee of a common carrier involved only in the transportation of goods, was not part of the general trade, business, or occupation of Shakespeare. We thus hold he was not a statutory employee.

While generally workers' compensation should be construed broadly in favor of coverage to further its purpose, the underlying rationale is not as pertinent where the statutory employee definition and exclusive remedy provision are used as a shield to prevent recovery under another theory. *See Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) ("[W]orkers' compensation statutes are construed liberally in favor of coverage. It follows that any exception to workers' compensation coverage must be narrowly construed."); *Caughman v. Columbia Y.M.C.A.*, 212 S.C. 337, 47 S.E.2d 788 (1948) (definitions in compensation acts should be broadly or liberally construed to effect legislative purpose); *Pelfrey v. Oconee County*, 207 S.C. 433, 440, 36 S.E.2d 297, 300 (1945) (" 'Common sense indicates that a compensation law passed to increase workers' rights (because their common law rights were too narrow) should not thereafter be narrowly construed.' "); *Ham v. Mullins Lumber Co.*, 193 S.C. 66, 75, 7 S.E.2d 712, 716 (1940) ("[T]he general and well established rule in construction of compensation acts is that they are intended to be for the benefit of employees and must be construed liberally in their favor."); *but see Gentry v. Milliken & Co.*, 307 S.C. 235, 414 S.E.2d 180 (Ct.App.1992).

Because we hold that Olmstead was not a statutory employee of Shakespeare, we need not address his estoppel argument. The decision of the trial court is reversed, and these cases are remanded for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

CURETON and SHULER, JJ., concur.