**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Travelers Property Casualty Co., Appellant,

v.

Senn Freight Lines, Inc., Respondent.

Appellate Case No. 2011-189987

Appeal From Newberry County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-015
Heard December 11, 2012 – Filed January 9, 2013

**REVERSED AND REMANDED**

M. Dawes Cooke Jr. and John William Fletcher, of Barnwell Whaley Patterson & Helms LLC, of Charleston, for Appellant.

William Chadwick Jenkins, of Pope & Hudgens PA, of Newberry, for Respondent.

**PER CURIAM:** Travelers Property Casualty Co. appeals the trial court's denial of its JNOV and new trial motions after a jury rendered verdicts against it on (1) a claim it brought against Senn Freight seeking premiums on three insurance policies

and (2) a counterclaim Senn Freight brought against it for bad faith cancellation of the third insurance policy.  We reverse and remand.

In ruling on motions for JNOV, the trial court must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions.  *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006).  "[N]either the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."  *Parrish v. Allison*, 376 S.C. 308, 319, 656 S.E.2d 382, 388 (Ct. App. 2007).  "Yet, this rule does not authorize submission of speculative, theoretical, and hypothetical views to the jury."  *Id.* at 319-20, 656 S.E.2d at 388.  "The issue must be submitted to the jury whenever there is material evidence tending to establish the issue in the mind of a reasonable juror."  *Id.* at 319, 656 S.E.2d at 388.

1.  Travelers argues the trial court erred in denying its JNOV and new trial motions as to its debt collection claim because Senn Freight owes earned premiums for remuneration paid to owner/operators based upon the audit calculations.  Travelers argues the policies covered the owner/operators and contemplated the final premium due would be based upon remuneration paid to these owner/operators.  We agree.

First, all three policies provide workers' compensation coverage for "the benefits required of you by the workers' compensation law," and workers' compensation law requires coverage for statutory employees.  S.C. Code Ann. § 42-1-400 (Supp. 2011).  Second, evidence in the record indicates only that the owner/operators were statutory employees of Senn Freight.  The drivers transported loads for Senn Freight, and that responsibility was an important, integral part of Senn Freight's trade, business, or occupation.  *See id.* (providing an employer or business owner may be liable for the payment of compensation benefits to a worker not directly employed by the employer if the worker "undertakes to perform or execute any work which is a part of [the employer or business owner's] trade, business or occupation"); *Olmstead v. Shakespeare*, 354 S.C. 421, 424, 581 S.E.2d 483, 485 (2003) (providing an activity is "part of [the owner's] trade, business, or occupation" for purposes of the statute if it (1) is an important part of the owner's business or trade; (2) is a necessary, essential, and integral part of the owner's business; or (3) has previously been performed by the owner's employees).  Third, evidence in the record indicates only that Senn Freight is liable to Travelers for unpaid final premiums based upon remuneration paid to the owner/operators.

Travelers produced evidence the owner/operators were statutory employees of Senn Freight, but no evidence in the record indicates Senn Freight provided Travelers with "proof" the owner/operators "lawfully secured their workers' compensation obligations."[1]  Although Mr. Senn consistently testified all of the owner/operators had less than four employees and he provided Travelers with all the information Travelers asked for, he did not testify he provided Travelers with *proof* either the owner/operators had statutory workers' compensation insurance or employed less than four people.  *See* S.C. Code Ann. § 42-1-360(2) (2011) ("Th[e Act] does not apply to: . . . any person who has regularly employed in service less than four employees in the same business within the State . . . .").  Indeed, Mr. Senn's testimony and argument on appeal indicates he was confused about his responsibilities under the policies.  As a result, evidence in the record indicates only that Senn Freight is liable to Travelers for final premiums based upon remuneration paid to owner/operators on all three policies.  Because it would be inappropriate to grant a directed verdict on the amount of damages owed to Travelers, we reverse and remand for a new trial as to damages.  *See* S.C. Code Ann. § 15-33-125 (2010) (providing that a new trial solely as to damages may be granted only when the evidence would support a directed verdict on liability).

2.  Travelers also argues the trial court erred in denying its JNOV motion as to Senn Freight's bad faith counterclaim because no evidence in the record shows Travelers canceled the third policy in bad faith.  We agree.

Even if our courts recognize a claim for bad faith cancellation of an insurance policy, no evidence in the record can reasonably support the claim in this case.  The third policy broadly states Travelers "may cancel this policy," and the only restriction on that power is the requirement that Travelers provide ten days' notice of the cancellation.  At oral argument, Senn Freight agreed this notice was given.  Moreover, all of the evidence addressing the auditor and Mr. Senn's dispute over the premiums due for owner/operators indicates Travelers had a "reasonable basis to support" its decision to cancel the policy.  *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 645, 594 S.E.2d 455, 462 (2004) ("[A]n insurer acts in bad faith when there is no reasonable basis to support the insurer's decision.").  The policy's language establishing what type of proof Senn Freight

---

[1] The phrase "lawfully secured their workers' compensation obligations" to be ambiguous—it could mean either proof of workers' compensation insurance or proof of compliance with workers' compensation laws.  Because insurance law requires us to construe contracts against insurers, we adopt the latter.

was required to produce as to owner/operators was ambiguous, and the record clearly shows Travelers canceled the policy because Mr. Senn failed to provide proof relating to owner/operators' insurance and the number of employees. Travelers' conduct after the cancellation does not show bad faith at the time it made the decision to cancel.

Because of our findings above, we need not address Travelers' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). Consequently, we reverse the denial of JNOV on the bad faith claim. We reverse and remand for a new trial as to damages on the debt collection claim.

**REVERSED AND REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**