**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Joseph Mickle, Appellant-Respondent,

v.

Boyd Brothers' Transportation, Inc., Employer, and Lumbermans' Underwriting Alliance, Carrier, Respondents-Appellants.

Appellate Case No. 2013-001212

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2015-UP-068
Heard December 11, 2014 – Filed February 11, 2015

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Frank A. Barton, Mullis Law Firm, of Columbia, for Appellant-Respondent.

Duke K. McCall, Jr., Smith Moore Leatherwood, LLC, of Greenville, for Respondents-Appellants.

———————

**PER CURIAM:** Joseph Mickle was a truck driver and employee of WTI—a wholly-owned subsidiary of Boyd Brothers' Transportation, Inc.—and was based in South Carolina. Mickle suffered injury to his back after pulling the tarp off of a

truck load in Alabama.  Boyd Brothers paid Mickle benefits in Alabama initially, but Mickle decided to pursue benefits in South Carolina where he lived.  After a hearing, the single commissioner issued an order finding: (1) the commission had jurisdiction over Mickle's claim; (2) Mickle was permanently and totally disabled; and (3) Boyd Brothers, as Mickle's statutory employer, was responsible for paying him benefits.  Both parties appealed to the Appellate Panel, which affirmed the single commissioner's order in full.  We affirm in part, reverse in part, and remand.

## I.      Jurisdiction

Boyd Brothers challenges the commission's determination that it had jurisdiction over Mickle's claim.  We believe the jurisdiction issue raises two sub-issues: (1) whether WTI was covered by the Workers' Compensation Act and (2) if WTI was not covered by the Act, whether the commission had jurisdiction over Mickle's claim because of an employer-employee relationship between Boyd Brothers and Mickle.  "Because both issues are jurisdictional . . . this Court has the power and duty to review the record and decide the issue in accordance with the preponderance of the evidence."  *Voss v. Ramco, Inc.*, 325 S.C. 560, 565, 482 S.E.2d 582, 584-85 (Ct. App. 1997) (citations and internal quotation marks omitted).  The parties stipulated WTI did not regularly employ four or more employees in South Carolina at the time of Mickle's injury.  Thus, we find WTI was exempt from the Act's coverage.  *See* S.C. Code Ann. § 42-1-360(2) (2015).  However, this stipulation is not dispositive of the jurisdiction issue.

The parties also stipulated WTI was Boyd Brothers' wholly-owned subsidiary.  The parties framed—and the commission addressed—the jurisdiction issue as whether Boyd Brothers was Mickle's statutory employer.  In doing so, the commission relied on this court's decision in *Poch v. Bayshore Concrete Products/S.C., Inc.*, 386 S.C. 13, 686 S.E.2d 689 (Ct. App. 2009) (*Poch I*).  In *Poch v. Bayshore Concrete Products/S.C., Inc.*, 405 S.C. 359, 747 S.E.2d 757 (2013) (*Poch II*), however, our supreme court held "the Court of Appeals applied an incorrect legal standard."  405 S.C. at 370, 747 S.E.2d at 763.  The supreme court provided "eight factors that courts should consider in determining whether" a parent company and its wholly-owned subsidiary "are separate and distinct corporations" or a single economic entity "for workers' compensation purposes."  405 S.C. at 372-73, 747 S.E.2d at 764 (stating "no one factor is controlling").  At oral argument the parties agreed *Poch II*, which was not decided until after the parties' initial briefs had already been filed with this court, changes the jurisdictional analysis.  However, neither party advised the court of *Poch II* while this appeal was pending.  *See* Rule 208(b)(7), SCACR ("When pertinent and significant authorities come to the

attention of a party after his initial brief(s) has been served and filed, the party shall promptly advise the clerk of the appellate court, by letter, with a copy to all counsel, setting forth the citations."). Therefore, we question whether the applicability of *Poch II* is before us. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); *Walde v. Ass'n Ins. Co.*, 401 S.C. 431, 435 n.1, 737 S.E.2d 631, 633 n.1 (Ct. App. 2012) (refusing to address an issue when the appellant's brief did not "include an issue on appeal addressing this contention").

Reviewing the commission's analysis under the law of statutory employment, we find by the preponderance of the evidence the commission had jurisdiction over Mickle's claim. *See* S.C. Code Ann. § 42-1-400 (2015); *Poch II*, 405 S.C. at 368, 747 S.E.2d at 762 ("In determining whether an employee is engaged in activity that is part of [the owner's] trade, business, or occupation as required under section 42-1-400, this Court has applied three tests." (alteration in original) (quoting *Olmstead v. Shakespeare*, 354 S.C. 421, 424, 581 S.E.2d 483, 485 (2003)) (internal quotation marks omitted)); *id*. ("If the activity at issue meets even *one* of these three criteria, the injured employee qualifies as the statutory employee of 'the owner.'" (citation and internal quotation marks omitted)).

Additionally, if we apply the *Poch II* test, as Boyd Brothers asks this court to do rather than remand to the commission, we find the following facts relevant under the *Poch II* analysis. Boyd Brothers' human resources director, Lynn Colley, testified, "I'm here as a representative . . . of Boyd Brothers and WTI." In addition, she stated the companies maintained "a self-insured group health plan . . . administered by Blue Cross/Blue Shield," and "the paperwork does route from WTI to Boyd. It's compiled together and sent to Blue Cross." Furthermore, Boyd Brothers' website includes "Boyd Brothers and WTI and a logistics department, a Boyd logistics department and the company, as well," and Colley confirmed Boyd Brothers advertised to its customers the "WTI Division currently has [trucks available]." Moreover, "both [WTI and Boyd Brothers] are flatbed carriers," and advertise "the total trucks that both companies have"—consisting of "1,050 conventional tractors" and "1,670 48-foot flatbed trailers." In addition, Colley stated, "I can't say that [Boyd Brothers and WTI] may not have the same customers, but they have their own customer base." While Colley briefly stated "[e]ach company has its own president," she thereafter addressed only the "owners" of Boyd Brothers and WTI, and explained Boyd Brothers and WTI have the exact same owners. Colley acknowledged the owners of Boyd Brothers: "could close down WTI"; "could change what [WTI was] doing"; "could direct where [WTI's] trucks go and deliver"; and "they could do the same thing for Boyd

Brothers." Finally, when asked whether the owners of Boyd Brothers "have total control over WTI," Colley answered affirmatively.

We also note Mickle testified the trucks he drove had "WTI, Subsidiary of Boyd Brothers" on them and he considered himself as working for "WTI/Boyd Brothers." Mickle acknowledged he was "dispatched by WTI to different locations," but stated he was switched from "one dispatcher to another" and he did not "know who [he] was talking to." In addition, Mickle's "medical cards," medical paperwork, and dental coverage papers were labeled "Boyd Care." He also stated that after WTI accepted his workers' compensation claim in Alabama, "[WTI] switched me to Boyd Brothers. They told me I had to call Boyd Brothers." Thus, under *Poch II*, we find by the preponderance of the evidence the commission had jurisdiction over Mickle's claim.

## II.    Boyd Brothers' Liability

Boyd Brothers argues the commission erred in determining Mickle was permanently and totally disabled. We disagree. In reaching its determination, the commission relied on the following facts: (1) treating physicians' conclusions that Mickle was limited "to sedentary work capacity"; (2) a functional capacity evaluation finding the same; (3) treating physicians' restriction on Mickle driving trucks; (4) Mickle's age—sixty-six—and high school education; (5) Mickle's working "almost exclusively in truck driving"; (6) Mickle's prescribed medication that prohibited him from driving trucks and substantially limited "his ability to perform any other form of work"; and (7) Dr. Robert Brabham's vocational assessment. Thus, we find substantial evidence exists to support the commission's decision. *See White v. Med. Univ. of S.C.*, 355 S.C. 560, 564, 586 S.E.2d 157, 159 (Ct. App. 2003) ("The appellate court's review is limited to deciding whether the Commission's decision is unsupported by substantial evidence or is controlled by some error of law." (citation and internal quotation marks omitted)). Additionally, we disagree with Boyd Brothers' assertion that the commission erred in awarding Mickle a lump sum payment of benefits because the burden of proving facts to justify such an award rests on the employee. Pursuant to section 42-9-301 of the South Carolina Code (2015), when the commission makes a finding to award a lump sum payment, the *employer* bears the burden of proof to demonstrate the commission's finding was an abuse of discretion. We find Boyd Brothers did not meet this burden.

## III.    Award Calculation

In a cross appeal, Mickle argues the commission erred by not correcting a miscalculation in the single commissioner's order giving Boyd Brothers credit for 136 weeks of benefits payments when it had only paid 32 weeks. At oral argument Boyd Brothers conceded the commission's miscalculation should be corrected if we found the commission had jurisdiction over Mickle's claim. Therefore, we reverse because there was not substantial evidence in the record to support the commission's determination. We remand for the commission to correct the miscalculation.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**