560 S.E.2d 448

**Harold G. STRICKLAND, Appellant,**

**v.**

**Keenan J. GALLOWAY, Respondent.**

**No. 3447.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2002.

Decided Feb. 19, 2002.

Karen Creech, of Covington, Patrick, Hagins, Stern & Lewis, of Greenville, for appellant.

Robert D. Moseley, Jr., of Leatherwood, Walker, Todd & Mann, of Greenville, for respondent.

GOOLSBY, Judge:

Harold G. Strickland sustained injuries when he was struck by an automobile driven by Keenan J. Galloway. Both men were volunteer firefighters arriving at the scene of a fire. Strickland received workers' compensation for the injury and sued Galloway in tort to recover damages. The trial court granted summary judgment in favor of Galloway. Strickland appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Harold G. Strickland brought this action against Keenan J. Galloway seeking to recover damages for personal injuries sustained by Strickland in an automobile accident in January 1998. At the time of the accident, both men were serving as volunteer firefighters with Anderson County and were responding to a fire. Strickland had parked his vehicle on the shoulder of the road and was putting on his fire-fighting gear. It was raining heavily. As Galloway pulled off the highway onto the shoulder, his car slid into Strickland, causing him injuries.

Strickland received workers' compensation benefits from the Anderson County Fire Department. He then sought compensation from Galloway individually under a negligence theory.

## ANALYSIS

■    In circumstances in which the South Carolina Workers' Compensation Act covers an employee's work-related accident, the Act provides the exclusive remedy against the employer.[1] The exclusive remedy doctrine was enacted to balance the relative ease with which the employee can recover under the Act: the employee gets swift, sure compensation, and the

---

1.  S.C.Code Ann. section 42-1-540 (1985) states in pertinent part:

    The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury ... by accident, shall exclude all other rights and remedies of such employee ... as against his employer....

employer receives immunity from tort actions by the employee.[2]

■ The immunity is conferred not only on the direct employer, but also on co-employees.[3] Under South Carolina Code Ann. section 42–5–10 (1985),[4] a co-employee who negligently injures another employee while in the scope of employment is immune under the Workers' Compensation Act and cannot be held personally liable.[5]

■ In the present case, if Galloway was acting within the scope of employment, he would be afforded immunity by the Workers' Compensation Act. Having conceded his own status of employee at the time of the accident, Strickland is arguing Galloway was not yet conducting the business of the fire department at the time of the accident. The only apparent distinction is Galloway had just arrived at the scene of the fire, while Strickland had already donned his gear when the accident occurred.

■ Basing his argument on the "going and coming rule," Strickland maintains Galloway had not yet conducted fire department business at the time of the accident. Under this rule, "an employee going to or coming from the place where his work is to be performed is not engaged in performing any service growing out of and incidental to his employment, and, therefore, an injury sustained by accident at such time does not arise out of and in the course of employment."[6]

2. Burnet R. Maybank et al., *The Law of Workers' Compensation Insurance in South Carolina* XV–1 (2nd ed.1998).

3. *Id.*

4. S.C.Code Ann. section 42–5–10 (1985) states as follows:
Every employer who accepts compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in force he or **those conducting his business** shall only be liable to any employee who elects to come under this Title for personal injury ... by accident to the extent and in the manner specified by this Title. (emphasis added).

5. *Dickert v. Metropolitan Life Ins. Co.*, 311 S.C. 218, 222, 428 S.E.2d 700, 702 (1993).

6. Maybank at V–2 (citations omitted); this rule originated in South Carolina in *Gallman v. Springs Mills*, 201 S.C. 257, 260, 22 S.E.2d 715, 718 (1942).

South Carolina courts have not addressed this somewhat unique issue of whether or not a volunteer firefighter is acting within the scope of employment while responding to a fire. The issue was addressed in a 1977 Attorney General's opinion: [7]

Since the furnishing of transportation to and from the scene of a fire saves the fire department the expense of transporting the volunteer fireman to and from a fire and also enables the fireman to proceed promptly and directly to and from the scene of the fire, it is self-evident that such a journey represents a substantial part of the volunteer fireman's service to the fire department and the community. Therefore it appears that the volunteer fireman's furnishing of his own transportation directly to and from the scene of the fire is incidental to his duties, and injuries sustained thereby arise out of and in the course of employment so as to be compensable under the South Carolina Workmen's Compensation Act.... [8]

The Attorney General's opinion concluded "injuries sustained by a volunteer fireman while on the way directly to ... a fire are compensable under the South Carolina Workmen's Compensation Act...." [9]

Courts in other jurisdictions have held the going and coming rule does not apply in the context of a volunteer firefighter responding to a fire.[10] The general reasoning followed by

---

7. The Attorney General's opinion treats the volunteer firefighter as being an exception to the "going and coming" rule; our result is the same, but we hold the firefighter to be outside the rule, not an exception to it.

8. S.C. Op. Atty. Gen. 142 (1977).

9. *Id.*

10. *Soupene v. Lignitz*, 265 Kan. 217, 960 P.2d 205, 211 (1998) ("Responding to emergency calls ... entails a special degree of inconvenience and urgency ... [and] is an activity contemplated by and causally related to the employment of a volunteer firefighter.... [H]e [the firefighter] had assumed the duties related to his employment when he began responding [to] the emergency call."); *Matlock v. Hankel*, 707 So.2d 1016, 1019 (La.Ct.App.1998) (concluding the response of a volunteer firefighter to a fire is not equivalent to an ordinary commute to work); *DeLong v. Miller*, 285 Pa.Super. 120, 426 A.2d 1171, 1172 (1981) ("[B]ecause the unique character of the employment requires

these courts is the volunteer firefighter is not "going to work" when responding to the call but is "at work" when responding to the emergency call. Because these volunteers must respond immediately and expeditiously, they are performing the fire department's business when they embark on their response to a fire.

We hold Galloway was conducting the fire department's business at the time of the accident. Thus, the exclusive remedy doctrine of section 42–1–540 bars Strickland from suing co-employee Galloway for his alleged negligence in the accident.

**AFFIRMED.**

HEARN, C.J, and HUFF, J., concur.

---

prompt reaction to an alarm, a volunteer fireman is in the course of his employment when he leaves his home in response to an alarm.").