593 S.E.2d 621

**Gregory TILLOTSON, Appellant,**

v.

**KEITH SMITH BUILDERS, Respondent.**

No. 3740.

Court of Appeals of South Carolina.

Heard June 11, 2003.

Decided Feb. 2, 2004.

Rehearing Denied March 25, 2004.

D. Garrison Hill and Kenneth C. Porter, of Greenville, for Appellant.

James W. Logan, Jr., of Anderson, for Respondent.

BEATTY, J.:

Gregory Tillotson ("Tillotson") appeals from the trial court's grant of summary judgment in favor of Keith Smith Builders ("Builder").

## FACTS

Tillotson, a self-employed electrical subcontractor, was hired by Builder, a general contractor, to relocate a light fixture box in a residential home. Builder required Tillotson to submit proof of workers' compensation insurance. Tillotson submitted a "Certificate of Liability Insurance" produced by R.V. Chandler & Associates listing Tillotson as the named insured with Commercial Casualty Insurance Company of Georgia and Capital City Insurance Company as the insurers. Allegedly, Tillotson was subsequently injured at Builder's job site.

After the injury, Tillotson informed Builder that Tillotson's employees were covered by the insurance policy, but that he was not. Tillotson sued Builder in tort. Builder answered that it was immune from a suit in tort under S.C.Code Ann. § 42–1–415 (Supp.2002). As such, Builder argued, Tillotson's sole route of recovery was through workers' compensation.

## STANDARD OF REVIEW

■ A trial court should grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Café Assocs., Ltd. v. Gerngross,* 305 S.C. 6, 9, 406 S.E.2d 162, 164 (1991). Summary judgment is not proper where further inquiry into the facts of the case is desirable to clarify the application of the law. *Middleborough Horizontal Property Regime Council of Co Owners v. Montedison,* 320 S.C. 470, 479, 465 S.E.2d 765, 771 (Ct.App.1995). An appellate court reviews the granting of summary judgment under the same standard applied by the trial court. *George v. Fabri,* 345 S.C. 440, 451, 548 S.E.2d 868, 873 (2001).

## ISSUE

Did the trial court err in granting summary judgment based solely on its belief that Tillotson was barred from bringing his action in tort because of S.C.Code Ann. § 42–1–415?

## LAW/ANALYSIS

Tillotson argues the trial court erred in granting summary judgment on the sole basis of § 42–1–415. We agree.

■ Generally, coverage under the Workers' Compensation Act is dependent on the existence of an employer-employee relationship. *Neese v. Michelin Tire Corp.,* 324 S.C. 465, 471, 478 S.E.2d 91, 94 (Ct.App.1996). Whether an employer-employee relationship exists is an initial fact to be established prior to applying the Workers' Compensation Act. *Nelson v. Yellow Cab Co.,* 343 S.C. 102, 108, 538 S.E.2d 276, 279 (Ct.App. 2000); *Dawkins v. Capitol Constr. Co.,* 250 S.C. 406, 410, 158 S.E.2d 651, 653 (1967); *Gray v. Club Group, Ltd.,* 339 S.C. 173, 184, 528 S.E.2d 435, 441 (Ct.App.2000). In the absence of such a relationship, the Workers' Compensation Commission lacks jurisdiction. *Nelson v. Yellow Cab Co.,* 343 S.C. at 108, 538 S.E.2d at 279; *see also Glass v. Dow Chem. Co.,* 325 S.C. 198, 482 S.E.2d 49 (1997).

■ In the absence of a statutory provision to the contrary, an injured person who is not an employee, but an independent contractor, is not within the scope of the compensation act.

*McDowell v. Stilley Plywood Co.,* 210 S.C. 173, 182, 41 S.E.2d 872, 876 (1947). We find nothing in the record to reflect a finding by the trial court that an employer-employee relationship existed between Tillotson and Builder.

Builder argues that Tillotson, by submitting an insurance certificate that listed Tillotson as an insured, subjected himself to the jurisdiction of the Workers' Compensation Act through S.C.Code Ann. § 42-1-415(a). This section provides:

> Notwithstanding any other provision of law, upon the submission of documentation to the commission that a contractor or subcontractor has represented himself to a higher tier subcontractor, contractor, or project owner as having workers' compensation insurance at the time the contractor or subcontractor was engaged to perform work, the higher tier subcontractor, contractor, or project owner must be relieved of any and all liability under this title except as specifically provided in this section. In the event that employer is uninsured, regardless of the number of employees that employer has, the higher tier subcontractor, contractor, project owner, or his insurance carrier shall in the first instance pay all benefits due under this title ... Any disputes arising as a result of claims filed under this section must be determined by the commission.

A court construing a statute must first seek to ascertain and effectuate legislative intent. *Koenig v. South Carolina Dep't of Public Safety,* 325 S.C. 400, 403, 480 S.E.2d 98, 99 (Ct.App.1996). The cardinal rule of statutory construction is to give words used in a statute their plain and ordinary meaning without resort to subtle or forced construction. *Id.* The language must be read to harmonize its subject matter with its general purpose. *Id.* "In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction." *Higgins v. State,* 307 S.C. 446, 449, 415 S.E.2d 799, 801 (1992); *see also Jackson v. Charleston Cty. Sch. Dist.,* 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994) ("The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in the light of its manifest purpose.").

■ Builder, in advancing its argument, concentrates on the first portion and the last sentence of § 42–1–415(a). Builder argues it is not liable to Tillotson because Tillotson represented himself as having workers' compensation insurance at the time it engaged him to work. Builder also argues the last sentence of the statute vests the adjudication of any dispute in the Workers' Compensation Commission, not the circuit court. We disagree.

When read in its entirety and in harmony with the other statutes within the Workers' Compensation Act, § 42–1–415(a) is inapplicable to this case. First, the statute itself makes clear its purpose is to ensure that statutory employees are protected, although their immediate employer may have misrepresented to a contractor that it had workers' compensation insurance. The section removes liability from the contractor except in certain circumstances.

Importantly, in keeping with the statutory employee doctrine, § 42–1–415(a) requires the upstream contractor initially pay all benefits due to the subcontractor's injured employee. The contractor may then petition to transfer responsibility of future payments to the Uninsured Employers' Fund. In addition, the contractor may be reimbursed by the Fund.

The section may be viewed as enforcing the statutory employee doctrine even when a subcontractor commits fraud by stating it has workers' compensation coverage. The purpose of the section is further clarified when read in context of surrounding statutes. Each section, from § 42–1–410 to 450, deals with certain aspects of the statutory employee doctrine. Section 42–1–415 is principally concerned with protecting a subcontractor's injured employees.

Additionally, Builder's reliance on the last sentence in § 42–1–415(a) is misguided. The sentence states "[a]ny disputes arising as a result of claims **filed under this section** must be determined by the commission." S.C.Code Ann. § 41–1–415 (Supp.2002) (emphasis added). Tillotson did not file a claim that can be construed as a § 42–1–415 claim. Further, absent the existence of an employer-employee relationship, Tillotson cannot file a workers' compensation claim.

Accordingly, we reverse the trial court's grant of summary judgment and remand this case to the trial court for a

determination of whether an employer-employee relationship exists and for any further action appropriate for the disposition of this case.

**REVERSED AND REMANDED.**

HOWARD, J. and JEFFERSON, A.J., concur.