661 S.E.2d 395

**Eddie J. POSEY and Belinda Posey, Appellants,**

v.

**PROPER MOLD & ENGINEERING, INC., Autegra, Inc., and Tyge Dremann, Respondents.**

No. 4381.

Court of Appeals of South Carolina.

Heard April 8, 2008.

Decided April 29, 2008.

212

John R. Peace, of Greenville, for Appellants.

Kurt M. Rozelsky and Zandra L. Johnson, both of Greenville, for Respondents.

ANDERSON, J.

Eddie and Belinda Posey appeal the circuit court's order granting Proper Mold & Engineering, Inc., Autegra, Inc. (PME/Autegra), and Tyge Dremann's motion to dismiss. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Tiger Transport Service, Inc. (Tiger) employed Eddie Posey (Eddie) as a truck driver. Eddie owned his own tractor and trailer, which he leased to Tiger. PME/Autegra is a manufacturer of plastic injection products for the automotive industry. Additionally, PME/Autegra offers serial production molding and mold services, including mold repair.

At the time this action was filed, PME/Autegra owned a commercial tractor, a twenty-eight foot flat-bed trailer, and a fifty-three foot dry van. Two truck drivers holding South Carolina Commercial Drivers Licenses were employed by PME/Autegra. The tractor and trailers were used to deliver plastic injection molds and parts to customers and to pick up and return plastic molds needing repair. When PME/Autegra's own employees are unavailable for pick up or delivery, PME/Autegra contracts with common carriers to provide supplemental transportation services.

On January 16, 2004, PME/Autegra contracted with Tiger to provide supplemental transportation, and Tiger dispatched the request to Eddie. This particular job required him to make two trips to pick up different molds and deliver them to PME/Autegra for repair. Previously, Eddie had made deliveries to PME/Autegra and had assisted PME/Autegra in the unloading process. According to PME/Autegra, a truck driver making a delivery must assist in unloading the injection molds. Upon Eddie's arrival to PME/Autegra, an employee of PME/Autegra, Tyge Dremann, began the process of unloading the mold. Eddie and Dremann worked together to screw eyebolts into the mold and attach hooks to the mold in preparation for lifting and unloading the mold. As Dremann began operating the crane to move the mold, a hook attached to the crane came loose and struck Eddie in the head.

Eddie was granted workers' compensation benefits by Tiger. Subsequently, the Poseys filed a negligence action against PME/Autegra and Dremann. The circuit court, finding Eddie was a statutory employee of PME/Autegra, granted PME/Autegra and Dremann's motion to dismiss. In dismissing the Poseys' claims, the circuit court found that Eddie was a statutory employee of PME/Autegra and his exclusive remedy was in Workers' Compensation.

## STANDARD OF REVIEW

Coverage under the Workers' Compensation Act depends on the existence of an employment relationship. *Edens v. Bellini*, 359 S.C. 433, 439, 597 S.E.2d 863, 866 (Ct.App.2004). *Gray v. Club Group, Ltd.*, 339 S.C. 173, 184, 528 S.E.2d 435, 441 (Ct.App.2000), explicates: "Before provisions of the Workers' Compensation Act can apply, an employer-employee relationship must exist; this is an initial fact to be established." Workers' Compensation awards are authorized only if an employer-employee relationship exists at the time of the injury. *Edens*, 359 S.C. at 440, 597 S.E.2d at 867; *Dawkins v. Jordan*, 341 S.C. 434, 438, 534 S.E.2d 700, 703 (2000).

Whether or not an employer-employee relationship exists is a jurisdictional question. *Nelson v. Yellow Cab Co.*, 349 S.C. 589, 594, 564 S.E.2d 110, 113 (2002); *S.C. Workers' Comp. Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 548, 459 S.E.2d 302, 303 (1995); *see also Lake v. Reeder Constr. Co.*, 330 S.C. 242, 247–48, 498 S.E.2d 650, 653 (Ct.App. 1998) (stating the existence of an employer-employee relationship is a jurisdictional question; an injured worker's employment status, as it affects jurisdiction, is matter of law for decision by the court and includes findings of fact which relate to jurisdiction).

The determination of whether a worker is a statutory employee is jurisdictional and, therefore, the question on appeal is one of law. *Harrell v. Pineland Plantation, Ltd.*, 337 S.C. 313, 320, 523 S.E.2d 766, 769 (1999); *Glass v. Dow Chem. Co.*, 325 S.C. 198, 201–02, 482 S.E.2d 49, 51 (1997). As a result, this court has the power and duty to review the entire record and decide the jurisdictional facts in accord with its view of the preponderance of the evidence. *Harrell*, 337 S.C. at 320, 523 S.E.2d at 769; *Glass*, 325 S.C. at 202, 482 S.E.2d at 51; *see also Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 132 S.E.2d 18 (1963), *overruled in part on other grounds, Sabb v. S.C. State Univ.*, 350 S.C. 416, 567 S.E.2d 231 (2002) (holding the existence or absence of an employment relationship is a jurisdictional fact which the court must determine based on its review of all the evidence in the record). Where the issue involves jurisdiction, the appellate court can take its own view of the preponderance of the

evidence. *Nelson,* 349 S.C. at 594, 564 S.E.2d at 112. It is the policy of South Carolina courts to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Workers' Compensation Act. *Dawkins,* 341 S.C. at 439, 534 S.E.2d at 703.

The court may consider affidavits on a question of law in a jurisdictional motion without converting the motion into one for summary judgment. *Baird v. Charleston County,* 333 S.C. 519, 528, 511 S.E.2d 69, 74 (1999). The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. *Woodard v. Westvaco Corp.,* 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), *overruled on other grounds, Sabb,* 350 S.C. 416, 567 S.E.2d 231. If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss. *Edens,* 359 S.C. at 439, 597 S.E.2d at 866.

## *LAW/ANALYSIS*

### I. Statutory Employee

The Poseys maintains the circuit court erred in concluding Eddie was a statutory employee of PME/Autegra. We disagree.

Coverage under the Workers' Compensation Act is generally dependent on the existence of an employer-employee relationship. *Edens v. Bellini,* 359 S.C. 433, 442–43, 597 S.E.2d 863, 868 (Ct.App.2004); *Tillotson v. Keith Smith Builders,* 357 S.C. 554, 557, 593 S.E.2d 621, 623 (Ct.App.2004). There are certain statutory exceptions to this general rule. *Edens,* 359 S.C. at 442–43, 597 S.E.2d at 868. One of these exceptions is found in section 42–1–410 of the Workers' Compensation Act which, under some circumstances, imposes liability on an employer or contractor for the payment of compensation benefits to a worker not directly employed by the contractor. *Id.* The Workers' Compensation Act specifically provides statutory employees are included within the scope of the Act:

When any person, in this section and §§ 42–1–420 to 42–1–450 referred to as "contractor," contracts to perform or execute any work which is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section and §§ 42–1–420 to 42–1–450 referred to as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, the contractor shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

S.C.Code Ann. § 42–1–410 (1985).

Three tests are applied to determine whether the activity of an employee of a subcontractor is sufficient to make him a statutory employee of the contractor within the meaning of section 42–1–410:(1) Is the activity an important part of the contractor's business or trade? (2) Is the activity a necessary, essential, and integral part of the contractor's trade, business, or occupation? or (3) Has the identical activity previously been performed by the contractor's employees? *Edens*, 359 S.C. at 443, 597 S.E.2d at 868; *Olmstead v. Shakespeare*, 354 S.C. 421, 425, 581 S.E.2d 483, 486 (2003); *Boone v. Huntington and Guerry Elec. Co.*, 311 S.C. 550, 553, 430 S.E.2d 507, 509 (1993); *Riden v. Kemet Elec. Corp.*, 313 S.C. 261, 263–64, 437 S.E.2d 156, 157–58 (Ct.App.1993); *see also Meyer v. Piggly Wiggly No. 24, Inc.*, 338 S.C. 471, 473, 527 S.E.2d 761, 763 (2000) (holding there are three tests used to determine whether an employee was "engaged in an activity that is part of the owner's trade, business, or occupation"); *Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 292, 411 S.E.2d 439, 441 (1991) (listing the three factors of the statutory employee test); *Revels v. Hoechst Celanese Corp.*, 301 S.C. 316, 318, 391 S.E.2d 731, 732 (Ct.App.1990) (finding the test used to determine if one is a statutory employee is "whether or not [the work] being done is or is not a part of the general trade, business or occupation of the owner"). If the activity at issue meets even one of these three criteria, the worker qualifies as the statutory employee of the owner. *Edens*, 359 S.C. at 443, 597 S.E.2d at 868; *Olmstead*, 354 S.C. at 421, 581 S.E.2d at 483. Any doubts as to a worker's status should be resolved in

favor of including him or her under the Workers' Compensation Act. *Edens,* 359 S.C. at 443, 597 S.E.2d at 868; *Riden,* 313 S.C. at 263, 437 S.E.2d at 158.

The Poseys argue that PME/Autegra is a mere recipient of goods delivered by a common carrier, and their primary business is not transportation. Our supreme court in *Abbott v. The Limited, Inc.,* 338 S.C. 161, 526 S.E.2d 513 (2000), and *Olmstead v. Shakespeare,* 354 S.C. 421, 581 S.E.2d 483 (2003), addressed statutory employment in the common carrier context. The Poseys' argument relies upon these precedents.

In *Abbott,* a truck driver employed by a common carrier brought a negligence action against a retail clothing store for injuries sustained while unloading boxes inside the retailer's business. After this court ruled the prompt and efficient delivery of goods to stock its stores was an integral part of the retailer's business, our supreme court reversed and inculcated:

> The fact that it was important to Retailer to receive goods does not render the delivery of goods an important part of Retailer's business. "The mere fact that transportation of goods to one's place of business is essential for the conduct of the business does not mean that the transportation of the goods is a part or process of the business." *Caton v. Winslow Bros. & Smith Co.,* 309 Mass. 150, 154, 34 N.E.2d 638, 641 (1941). We conclude that the mere recipient of goods delivered by a common carrier is not the statutory employer of the common carrier's employee.

*Abbott,* 338 S.C. at 163–64, 526 S.E.2d at 514.

In *Olmstead,* the plaintiff was an owner-operator of a tractor and trailer who leased his equipment to an employer. Olmstead was sent by the employer to pick up a load of utility poles from the defendant for delivery to its customers. The truck was loaded by the defendant's employees and Olmstead strapped it down. When Olmstead was later asked to unstrap the load in order for the defendant to address a quality control problem, he was injured by falling poles.

After Olmstead brought a tort action, the defendant sought to distinguish its case from *Abbott* by arguing delivery of the poles was essential to its business because delivery completed sales. Our supreme court disagreed stating, "*Abbott* is not limited to receipt of goods cases, but applies equally to deliv-

ery of goods cases as long as the transportation of goods is not the primary business of the company to whom or from whom goods are being delivered." *Olmstead*, 354 S.C. at 425, 581 S.E.2d at 485. The court further explained, "*Abbott* merely establishes that transportation of goods is important to nearly all businesses, and, that transportation of goods by a common carrier alone without something more, does not qualify as 'part of [the owner's] trade, business, or occupation' under any of the three established tests for statutory employment." *Olmstead*, 354 S.C. at 426, 581 S.E.2d at 485. Specifically, the supreme court found the defendant in Olmstead designed and manufactured poles. But, "[i]t is not in the transportation business; it did not own any delivery trucks and none of its employees participated in the delivery of its products beyond the loading stage." *Id.* Consequently, the delivery of poles was not part or process of the defendant's manufacturing business. *Id.* (quoting *Abbott*, 338 S.C. at 164, 526 S.E.2d at 514).

Unlike the facts of *Olmstead*, PME/Autegra owned a tractor and two trailers, and its employees participated in loading and transporting its products. Thus, PME/Autegra is more than a mere recipient or shipper of goods. The circuit court in its first order properly determined:

This Court finds that the delivery and return of goods via transfer trucks was an important part and a necessary, essential and integral part of PME/Autegra's business. In order to ensure prompt and efficient delivery of its mold repair services and overall operation of mold manufacturing, maintenance and repair business, Defendant PME/Autegra owned and operated its own trucks through the employ of highly trained and specially licensed commercial truck drivers.

. . .

This Court also finds that Plaintiff was injured while performing a job that was identical to the job performed by PME/Autegra's direct employees on a regular basis. At the time of his injury, Plaintiff Eddie J. Posey was helping Defendant Dremann attach hooks to a plastic injection mold that Plaintiff had delivered. This activity was one that was routinely performed by Defendant PME/Autegra's own truck drivers, as well as other employees of PME/Autegra.

This Court finds no merit in Plaintiff's argument that the inability to transport the subject mold due to equipment limitations renders the work performed by Eddie Posey "substantively different" from that performed by PME/Autegra's own truck driver. At the time of the accident, PME/Autegra's company truck drivers were being utilized to pick-up and deliver molds for repair, and the use of Plaintiff was only in supplement of those drivers. It was routine practice for PME/Autegra to pick up its own molds and deliver its own molds. In fact, common carriers were used only when its own truck was already in use and unavailable or when it went beyond the capacity of its own truck. The activity being performed by Plaintiff at the time of the accident was that of a truck driver delivering a mold and assisting in the unloading of the same. Because Defendants PME/Autegra employed truck drivers with job duties of loading and unloading, the third method of proving statutory employment is satisfied.

This Court finds that both the delivery of the mold and the unloading of trailers, including assisting with the attaching hooks to molds delivered, and activities being performed by Plaintiff at the time of his injury, are an important part of the trade or business of PME/Autegra's direct employees. As such, Plaintiff is a statutory employee of Defendant's PME/Autegra and his exclusive remedy is in workers' compensation.

Following the Poseys' motion to alter or amend the order, the circuit court issued a second order which "supplement[ed] and amend[ed] its original order but DENIE[D] the Plaintiff's motion to alter or amend." The order stated:

"For the Plaintiff to be deemed a statutory employee of the Defendant, the work being performed at the time of the injury must be either (1) an important part of the owner's trade or business; (2) a necessary, essential, and integral part of the owner's business, or (3) has previously been performed by the owner's employees." [Olmstead] at 432, 581 S.E.2d at 485. The Court determined that the work performed by the Plaintiff met all three of the criteria but intended to find that only the third criteria applies in this case. Thus, the original order of the Court is hereby amended to reflect that the work performed by the Plaintiff

was of the type that "has been previously performed by the owner's employees," and that the first and second criteria enumerated in *Olmstead* are not applicable in this case. Because the Court finds that work being performed by the Plaintiff at the time of his injury meets the third criteria in *Olmstead,* he is a statutory employee of the Defendant PME/Autegra and his exclusive remedy is workers' compensation.

It is undisputed Eddie is not a direct employee of PME/Autegra. However, at the time of his injuries, PME/Autegra had contracted with Tiger to provide supplemental transportation because PME/Autegra's own employees were unavailable for pick up or delivery. PME/Autegra's own employees, including truck drivers, routinely assist unloading plastic injection molds. At the time of Eddie's injury, he was helping Dremann attach hooks to the plastic injection mold, an activity routinely performed by PME/Autegra's employees. Under these facts, the circuit court did not err in finding Eddie was PME/Autegra's statutory employee because the identical activity was previously performed by PME/Autegra's own employees.

## II. Subject Matter Jurisdiction

The Poseys maintain the circuit court erred in granting PME/Autegra and Dremann's motion to dismiss pursuant to Rule 12(b)(1), SCRCP. We disagree.

Subject matter jurisdiction is "the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Sabb,* 350 S.C. at 423, 567 S.E.2d at 234; *see also Dove v. Gold Kist, Inc.,* 314 S.C. 235, 238, 442 S.E.2d 598, 600 (1994); *Bank of Babylon v. Quirk,* 192 Conn. 447, 449, 472 A.2d 21, 22 (1984); *accord Balcon, Inc. v. Sadler,* 36 N.C.App. 322, 244 S.E.2d 164 (1978) (citing 21 C.J.S. Courts § 23, pp. 36–37).

The Poseys' tort action clearly falls into general cases which a court of common pleas ordinarily has subject matter jurisdiction to hear. Furthermore, the circuit court had subject matter jurisdiction to determine whether Eddie was a statutory employee of PME/Autegra. *Hernandez–Zuniga v. Tickle,* 374 S.C. 235, 252, 647 S.E.2d 691, 699

(Ct.App.2007) ("The question of whether a worker is a statutory employee is jurisdictional and is therefore a question of law for the court."); *see also Riden v. Kemet Elec. Corp.*, 313 S.C. 261, 263, 437 S.E.2d 156, 157 (Ct.App.1993). If a worker is properly classified as a statutory employee, his sole remedy for work-related injuries is to seek relief under the Workers' Compensation Act. *Edens*, 359 S.C. at 445, 597 S.E.2d at 869; *Hancock v. Wal–Mart Stores, Inc.*, 355 S.C. 168, 173, 584 S.E.2d 398, 400 (Ct.App.2003). A statutory employee may not maintain a negligence cause of action against his direct employer or his statutory employer. *Edens*, 359 S.C. at 445, 597 S.E.2d at 869; *Neese v. Michelin Tire Corp.*, 324 S.C. 465, 478, 478 S.E.2d 91, 98 (Ct.App.1996), *overruled on other grounds, Abbott v. The Limited, Inc.*, 338 S.C. 161, 526 S.E.2d 513 (2000). The exclusivity provision of the Act applies to "direct" employees and "statutory employees." *Carter v. Florentine Corp.*, 310 S.C. 228, 231, 423 S.E.2d 112, 113 (1992), *overruled on other grounds, Ballenger v. Bowen*, 313 S.C. 476, 443 S.E.2d 379 (1994). Because Eddie is PME/Autegra's statutory employee, the circuit court lacks subject matter jurisdiction, which lies exclusively with the Workers' Compensation Commission.[1]

 The General Assembly has vested the South Carolina Workers' Compensation Commission with exclusive original jurisdiction over employees work-related injuries. *Sabb*, 350 S.C. at 423, 567 S.E.2d at 234. The South Carolina Workers' Compensation Act contains an "exclusivity provision." *Edens*, 359 S.C. at 441, 597 S.E.2d at 867; *see also Sabb*, 350 S.C. at 422, 567 S.E.2d at 234 ("Because Sabb's claims, as employee of University, arose out of and in the course of her employment, the Workers' Compensation Act ... provides the exclusive remedy for her.").

The exclusivity provision is found at section 42–1–540:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions

---

1. In *Sabb v. S.C. State Univ.*, 350 S.C. 416, 424, 567 S.E.2d 231, 235 (2002), the supreme court reiterated, "the exclusivity provision does not involve subject matter jurisdiction." However, cases since Saab have used Rule 12(b)(1), SCRCP to dismiss worker compensation cases. *See Edens v. Bellini*, 359 S.C. 433, 597 S.E.2d 863 (Ct.App.2004).

of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

S.C.Code Ann. § 42–1–540 (1985).

Thus, the Workers' Compensation Act provides the exclusive remedy against an employer for an employee's work-related accident or injury. *Edens,* 359 S.C. at 441, 597 S.E.2d at 867; *Fuller v. Blanchard,* 358 S.C. 536, 541, 595 S.E.2d 831, 833 (2004); *see also Strickland v. Galloway,* 348 S.C. 644, 646, 560 S.E.2d 448, 449 (Ct.App.2002) ("In circumstances in which the South Carolina Workers' Compensation Act covers an employee's work-related accident, the Act provides the exclusive remedy against the employer."). The exclusivity provision of the Act precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury. *Edens,* 359 S.C. at 442, 597 S.E.2d at 868; *Tatum v. Med. Univ. of S.C.,* 346 S.C. 194, 552 S.E.2d 18 (2001).

"The exclusive remedy doctrine was enacted to balance the relative ease with which the employee can recover under the Act: the employee gets swift, sure compensation, and the employer receives immunity from tort actions by the employee." *Edens,* 359 S.C. at 442, 597 S.E.2d at 868; *Strickland,* 348 S.C. at 646, 560 S.E.2d at 449. The immunity is conferred not only on the direct employer but also on co-employees. *Edens,* 359 S.C. at 442, 597 S.E.2d at 868. Under the exclusivity provision, a Workers' Compensation action is the exclusive means to determine claims against an individual's employer for work-related accidents and injuries.

It is apparent the General Assembly intends for employees to seek a remedy from employers for their work-related injury only through the Worker's Compensation Commission and not through the circuit courts. The circuit court's original subject matter jurisdiction was divested after it determined Eddie was PME/Autegra's statutory employee. Because Eddie was deemed a statutory employee of PME/Autegra, the Workers' Compensation Commission has exclusive

original jurisdiction to hear the Poseys' claims. The sole recourse against PME/Autegra for Eddie's accidental workplace injuries is a Workers' Compensation recovery.

## CONCLUSION

Based upon the foregoing, the circuit court's order finding Eddie was a statutory employee of PME/Autegra and granting PME/Autegra and Dremann's motion for dismissal under Rule 12(b)(1), SCRCP is

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.