THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cheryl Vines
 Palmer and Carlton Palmer, Appellants,
 v.
 Crystal
 Henderson, Respondent.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2009-UP-133
 Submitted March 2, 2009  Filed March 5,
2009    

AFFIRMED

 
 
 
 William H. Ehlies, II, of Greenville, for Appellants.
 Stanley T.
 Case, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Cheryl
 and Carlton Palmer appeal the circuit courts order of dismissal of their
 causes of actions pursuant to Rule 12(b)(1), SCRCP, against Crystal Henderson
 following a finding the Palmers claims were barred by the exclusivity
 provision of the Workers Compensation Act (the Act).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. §
 42-5-10 (1985) (stating a co-employee who negligently injures another employee
 while in the scope of employment is immune under the Act and cannot be held
 personally liable); Edens v. Bellini, 359 S.C. 433, 441-42, 597 S.E.2d
 863, 867-68 (Ct. App. 2004) (holding the Act is the exclusive remedy for
 an employees work-related accident or injury, and the exclusivity provision
 precludes an employee from maintaining a tort action against an employer where
 the employee sustains a work-related injury); Strickland v. Galloway,
 348 S.C. 644, 647, 560 S.E.2d 448, 449 (Ct. App. 2002) (explaining the immunity
 is conferred not only on the direct employer, but also on co-employees).
AFFIRMED.
SHORT, THOMAS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.