**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Caitlin Elisabeth Braun, Appellant,

v.

The Ben Arnold Sunbelt Beverage Company of South Carolina, L.P., Two Heels, Inc. d/b/a State Street Pub, and Sunbelt Golf Development, Inc. d/b/a Indian River Golf Course, Defendants,

Of whom The Ben Arnold Sunbelt Beverage Company of South Carolina, L.P. is the Respondent.

Appellate Case No. 2014-001567

Appeal From Fairfield County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2016-UP-156
Submitted January 1, 2016 – Filed March 30, 2016

**AFFIRMED**

Jerry Leo Finney, of The Finney Law Firm, Inc., and Henry Ronald Stanley, both of Columbia, for Appellant.

John Edward Cuttino and Jessica Ann Waller, both of Gallivan, White & Boyd, PA, of Columbia, for Respondent.

————————

**PER CURIAM:** Caitlin Braun appeals the trial court's grant of summary judgment in favor of The Ben Arnold Sunbelt Beverage Company of South Carolina, L.P. (Ben Arnold). Braun argues the trial court erred in (1) holding her sole remedy was under the Workers' Compensation Act, (2) relying on South Carolina's prohibition against first-party claims by intoxicated adults against commercial and social hosts, and (3) holding the additional grounds raised by Ben Arnold supported the granting of summary judgment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in holding Braun's sole remedy was a cause of action under the Workers' Compensation Act: *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* ("Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 223, 661 S.E.2d 395, 402 (Ct. App. 2008) ("The General Assembly has vested the South Carolina Workers' Compensation Commission with exclusive original jurisdiction over employees' work-related injuries."); *id.* at 224, 661 S.E.2d at 403 ("The exclusivity provision of the Act precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury."); *id.* ("Under the exclusivity provision, a Workers' Compensation action is the exclusive means to determine claims against an individual's employer for work-related accidents and injuries."); *Doe v. S.C. State Hosp.*, 285 S.C. 183, 191, 328 S.E.2d 652, 657 (Ct. App. 1985) ("A tort action may not be brought against the employer regardless of whether the particular injury suffered is subject to actual compensation.").

2. As to whether the trial court erred in relying on South Carolina's prohibition against first-party claims by intoxicated adults against commercial hosts and social hosts when it granted summary judgment in favor of Ben Arnold: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598

—————————————

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(1999) (holding when an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on the remaining issues are unnecessary).

3.  As to whether the trial court erred in finding the additional grounds raised by Ben Arnold supported the granting of summary judgment:  *Id.* (holding when an appellate court's ruling on a particular issue is dispositive of an appeal, rulings on the remaining issues are unnecessary).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**