**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Evarista Juan Lorenzo, Appellant,

v.

Port City Elevator, Inc; Alan Topper d/b/a All Construction; 2020 Custom Contractors a/k/a 2020 Custom Contractors, LLC; Citadel Site Management, LLC; DVBT Construction a/k/a DVBT Construction, LLC; DVBT Multiservices, LLC; Beverly Construction Group, LLC; Beverly Homes, LLC; Beverly Homebuilders, LLC; Strand Paint Contractors, LLC; Depaz Painting, LLC; Enhanced Heating & Air Conditioning, LLC; Carlton Pender, and Joan Pender, Defendants,

Of Which,

Alan Topper d/b/a All Construction; Citadel Site Management, LLC; Beverly Homes, LLC; Beverly Homebuilders, LLC; Strand Paint Contractors, LLC; Depaz Painting, LLC and Enhanced Heating & Air Conditioning, LLC are the Respondents.

Appellate Case No. 2021-000325

———————

Appeal From Georgetown County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-111

Heard March 13, 2024 – Filed March 27, 2024

---

## REVERSED AND REMANDED

---

Thomas J. Rode, of Thurmond Kirchner & Timbes, P.A.,
of Charleston; Ian D. Maguire, of Maguire Law Firm, of
Myrtle Beach; and Brooke Eaves Wright, of Wright
Injury Law LLC, of Myrtle Beach; all for Appellant.

David Starr Cobb, of Turner Padget Graham & Laney,
PA, of Charleston, for Respondent Beverly Homes, LLC.

Christopher H. Pearce, of The Pearce Law Group, P.C.,
of Myrtle Beach, for Respondent Beverly Homebuilders,
LLC.

---

**PER CURIAM:** This matter concerns a negligence action arising from injuries Evarista Lorenzo sustained while working at a residential construction site. Lorenzo appeals the circuit court's order dismissing Beverly Homes, LLC (Beverly Homes) from the action. We reverse and remand.

1. Lorenzo argues the circuit court erred by finding Beverly Homes was entitled to immunity under the South Carolina Worker's Compensation Act's exclusivity provision. We agree that the circuit court erred in finding the exclusivity provision applied to Beverly Homes because no employment relationship existed. *See* S.C. Code Ann § 42-1-540 (2015) ("The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin as against his employer, at common law or otherwise, on account of such injury, loss of service or death. Provided, however, this limitation of actions shall not apply to injuries resulting from acts of a subcontractor of the employer or his employees or bar actions by an employee of one subcontractor against another subcontractor or his employees when both subcontractors are hired by a common employer."); *Poch v. Bayshore Concrete Prods./S.C., Inc.*, 405 S.C. 359, 367, 747 S.E.2d 757, 761 (2013) ("The exclusivity provision of the Act applies both to 'direct' employees and to those

termed 'statutory employees' under [section] 42-1-400 [of the South Carolina Code (2015)]." (quoting *Edens v. Bellini,* 359 S.C. 433, 445, 597 S.E.2d 863, 869 (Ct. App. 2004))); *Gray v. Club Grp., Ltd.*, 339 S.C. 173, 184, 528 S.E.2d 435, 441 (Ct. App. 2000) ("Before provisions of the Workers' Compensation Act can apply, an employer-employee relationship must exist; this is an initial fact to be established."); *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 216, 661 S.E.2d 395, 398 (Ct. App. 2008) ("Workers' Compensation awards are authorized only if an employer-employee relationship exists at the time of the injury."); *id.* ("Whether or not an employer-employee relationship exists is a jurisdictional question."); *id.* ("The determination of whether a worker is a statutory employee is jurisdictional and, therefore, the question on appeal is one of law."); *id.* at 216, 661 S.E.2d at 399 ("As a result, this court has the power and duty to review the entire record and decide the jurisdictional facts in accord with its view of the preponderance of the evidence."); *Sellers v. Tech Serv., Inc.*, 421 S.C. 30, 37, 803 S.E.2d 731, 735 (Ct. App. 2017) ("South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Workers' Compensation Act." (quoting *Spivey v. D.G. Constr. Co.*, 321 S.C. 19, 21, 467 S.E.2d 117, 119 (Ct. App. 1996))); *Keene v. CNA Holdings, LLC*, 436 S.C. 1, 13, 870 S.E.2d 156, 162 (2021) ("The applicable public policy . . . is to ensure that workers are covered under the Workers' Compensation Law."). Based on the record in this case, no employment relationship existed between Beverly Homes and Lorenzo; therefore, the circuit court erred by finding it lacked subject matter jurisdiction based on the exclusivity provision of the Worker's Compensation Act.

2. Lorenzo argues the circuit court erred in finding it had the authority to *sua sponte* grant summary judgment when ruling on a 12(b)(1), SCRCP, motion. We agree. Although South Carolina law states a circuit court judge may convert a Rule 12(b)(6), SCRCP, motion into a Rule 56, SCRCP, motion, there is no similar provision for converting a Rule 12(b)(1) motion into a Rule 56 motion. *See* Rule 12(b), SCRCP ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *see also Posey*, 378 S.C. at 217, 661 S.E.2d at 399 (citation omitted) ("The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion

as if it were a Rule 12(b)(1) motion to dismiss.").  Lorenzo was not provided proper notice that the circuit court would convert Beverly Homes' 12(b)(1) motion into a summary judgment motion; therefore, we reverse and remand this case to the circuit court.  *See* Rule 56(c) (providing that a moving party shall serve its summary judgment motion "at least 10 days before the time fixed for the hearing"); *see also Baird v. Charleston County*, 333 S.C. 519, 528 n.6, 511 S.E.2d 69, 74 n.6 (1999) ("Providing notice prior to the hearing is essential under Rule 56(c) . . . .").

3. We need not address Lorenzo's remaining arguments because the resolution of the above issues is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**MCDONALD, VINSON, and VERDIN, JJ., concur.**